In the Matter of **LIBERTY TRUST COMPANY, Debtor.**

**RESOLUTION TRUST CORPORATION, Appellant,**

v.

**Donald LESLIE, Successor, Trustee of Liberty Trust Co., Appellee.**

No. 89–1992.

United States Court of Appeals, Fifth Circuit.

June 26, 1990.

---

1. Shakespeare: *The Merchant of Venice,* IV, c.   1597.

**1054**

Robin B. Cheatham, Patrick D. Devine, Adams & Reese, New Orleans, La., Britton D. Monts, Timothy J. Clow, Lynch, Chappell & Alsup, Dallas, Tex., for appellant.

Randall L. Rouse, Odessa, Tex., for appellee.

Before THORNBERRY, GEE, and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

### Facts and Prior Proceedings

During the years 1980 through 1984, Liberty Trust Company received several promissory notes executed as consideration for loans made by Liberty. In March, 1986, Liberty entered into a Participation Agreement with First Savings of Louisiana under which First Savings agreed to purchase an 85% interest in certain of the loans made by Liberty.

In December, 1986, Liberty filed for Chapter 11 relief and Neal Allen was appointed Chapter 11 Trustee. The Chapter 11 proceeding has since been converted to a Chapter 7 liquidation proceeding, in which Kenneth Holt was appointed Chapter 7 Trustee. Mr. Holt has been substituted as the real party-in-interest for Mr. Allen in this appeal.[1]

In December, 1987, Mr. Allen filed a declaratory judgment action seeking construction of the Participation Agreement. Allen wanted the court to find that the transaction constituted a loan between Liberty and First Savings (rather than a sale) and that the notes described in the Participation Agreement were the property of Liberty's estate. In January, 1988, First Savings timely filed its answer.

On February 23, 1988, Allen served First Savings with a request for admissions. A response to the request for admissions was due on March 28, 1988. Having received no response, on April 22, 1988 (certificate of service dated April 21, 1988), Allen filed and mailed to counsel for First Savings, a motion for summary judgment. On April 25, 1988, the date counsel for First Savings received the summary judgment motion, First Savings sent and Allen received a response to the request for admissions. Because the clerk of the bankruptcy court refused to accept the response absent leave of court, the response was not filed.

On May 9, 1988, Allen filed a motion for expedited hearing on his motion for summary judgment. After more than 20 days had passed since the filing of Allen's motion for summary judgment and no response had been received from First Savings, the bankruptcy court granted summary judgment on May 16, 1988, without a hearing. The bankruptcy court's order provides that the Participation Agreement was a loan transaction and that the promissory notes are the property of Liberty's estate (leaving First Savings with an unperfected security interest in the notes).

On May 26, 1988, First Savings moved for relief from summary judgment. On June 3, 1988, First Savings filed a motion to disregard the late filing of its response to the request for admissions. (As Allen points out, this occurred 68 days after the admissions were deemed admitted and 101 days after the request was served.) The bankruptcy court denied both motions. First Savings then appealed to the district court, which upheld the orders of the bankruptcy court. First Savings now appeals to us.

### Discussion

1. *Was the Order Granting Summary Judgment Premature?*

■ Resolution Trust Corporation ("RTC") contends that, under its time calculations, the bankruptcy court's order granting the motion for summary judgment was premature because it was signed

---

**1.** During the pendency of this appeal Kenneth Holt suffered a heart attack and died. Donald Leslie has been appointed Successor Trustee and, for purposes of this appeal, stands in the shoes of Mr. Holt.

Further, First Savings has been placed under receivership by the FSLIC and is under the control of the Resolution Trust Corporation ("RTC"). A motion to substitute RTC for First Savings was filed and has been granted.

on the last day on which First Savings was entitled to file a response. RTC counts the days as follows:

1.) 4/22/88—Friday—Motion for Summary Judgment filed and *mailed.*

2.) 5/11/88—Wed.—20th day under Local Bankruptcy Rule 9013(b)(3).

3.) 5/14/88—Sat.—23rd day, adding three days to 20–day rule because service was perfected by mail, Bankruptcy Rule 9006(f).

4.) 5/16/88—Monday—Last day to file response because computed last day fell on a Saturday, Bankruptcy Rule 9006(a).

From this, RTC asserts that the bankruptcy court's order was, in essence, hours premature.

There is some dispute over whether the Local District Rule 300–5, (providing for a 10–day response time) or the Local Bankruptcy Rule, 9013 (providing for a 20–day response time) applies. Predictably, appellants argue for the 20–day rule, though even under it they are grasping at straws. The bankruptcy court held that the Local District Rule applies to any and all motions filed within an adversary proceeding and that the Local Bankruptcy Rule applies only to motions filed within a bankruptcy case, but not within an adversary proceeding. It, therefore, applied the Local District Rule (10 days) and, in all likelihood, appropriately so. We do not here decide this issue, however, because we need not reach it. Under either rule, First Savings loses—*they never filed a response at all.*

RTC is not maintaining that First Savings calculated its response time down to the minute and then, on May 16, 1988, arrived at the courthouse with its response in hand prepared for filing—albeit at the eleventh hour—only to find that it had arrived too late and that the judge had already ruled. Were these the facts, RTC might have an argument. But these are not the facts. Rather, First Savings simply did not respond.

On that note: the bankruptcy court's order was not premature and, even if it was, it was not error and, even if it was error, it was harmless error.

## 2. *Notice Before Entry of Judgment*

██ RTC next contends that, because the summary judgment granted here is tantamount to a judgment by default, First Savings was entitled to prior notice of the "entry of default" under Federal Rule of Civil Procedure 55.

> If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.

F.R.C.P. 55(b)(2).

We disagree. Entry of a summary judgment is not analogous to entry of judgment by default and Rule 55 has no application here. First Savings was served with and received Allen's motion for summary judgment. This alone provided adequate notice that the case might be summarily disposed of.

## 3. *Motions for Relief and to Disregard*

RTC complains that the bankruptcy court abused its discretion when it denied First Savings' motion for relief from summary judgment and its motion to disregard late filing of its response to request for admissions. There was no abuse of discretion here.

## 4. *Local Rule as Basis for Summary Judgment*

RTC argues that the bankruptcy court's grant of summary judgment was improper because it was based upon First Texas' failure to comply with a local rule and had no support under Federal Rule of Civil Procedure 56. Once again RTC misses the mark. We find ample support for the bankruptcy court's ruling.

## 5. *Summary Judgment Supported by the Record?*

RTC argues that, even with the deemed admissions, there still existed genuine issues of material fact to be resolved at trial. And, that being so, the facts deemed admitted were not dispositive of the case and the

bankruptcy court's grant of summary judgment is unsupported by the record.

RTC overlooks that First Savings failed to respond to Allen's motion for summary judgment. The bankruptcy court acted properly when it granted Allen's unopposed motion for summary judgment, particularly so in light of the deemed admissions.

The judgment of the district court is AFFIRMED.