**ANCHORAGE ASSOCIATES, Tamarind Associates, Patricia Blacker, Michael and Eileen Brower, Archie and Eileen Duguid, Michael Albarelli, et al.**

v.

**VIRGIN ISLANDS BOARD OF TAX REVIEW and Tax Assessor, Appellants.**

No. 89–3742.

United States Court of Appeals, Third Circuit.

Argued April 24, 1990.

Decided Dec. 14, 1990.

Godfrey R. de Castro, Atty. Gen., Rosaline Simmonds Ballentine, Sol. Gen., Jesse P. Goode (argued), Asst. Atty. Gen., Dept. of Justice, Charlotte Amalie, St. Thomas, V.I., for appellants.

Maria Tankenson Hodge, P.C., Maria Tankenson Hodge, Denise Francois (argued), St. Thomas, V.I., for appellees.

Before SLOVITER, STAPLETON, and HUTCHINSON, Circuit Judges.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

I.

This is an appeal from an order of the district court of the Virgin Islands granting relief from a challenged real estate tax assessment. Appellee, Anchorage Associates ("Anchorage"), moved for a summary judgment after the Virgin Islands Tax Review Board ("the Board") allegedly violated Anchorage's right to due process. When the Board and the Tax Assessor of the Virgin Islands ("the Tax Assessor") failed to respond to the taxpayer's motion, the district court deemed it conceded pursuant to Rule 6(i)[1] of its local rules and granted

---

**1.** Rule 6(i) of the District Court of the Virgin Islands provides as follows:

Failure to File and Serve Motion Papers. Upon failure of movant to file a brief in support of the motion, the court may auto-

the requested relief. The Board argues that the district court was without jurisdiction to enter the contested order. Alternatively, the Board maintains that even if the district court had jurisdiction, it abused its discretion in entering the order without a hearing and without consideration of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984).

We conclude that the district court did have jurisdiction to enter the challenged order. However, we hold that the district court could not properly enter summary judgment in favor of Anchorage based solely on Rule 6(i) and without a determination that Anchorage was entitled to judgment as a matter of law based on the facts set forth in the motion. The district court record gives no indication that the court made such a determination. Accordingly, we will vacate the district court's order and remand for further proceedings.

## II.

We have jurisdiction over this appeal from a final order of the district court. 28 U.S.C. § 1291. Whether the district court had subject matter jurisdiction is a question of law subject to plenary review. *Medical Fund–Philadelphia Geriatric Center v. Heckler*, 804 F.2d 33, 36 (3d

Cir.1986). The issue presented by the district court's application and interpretation of its Rule 6(i) is also one over which we exercise plenary review. *See Dent v. Cunningham*, 786 F.2d 173, 175 (3d Cir.1986) (appellate review is plenary where "issues involve the selection, interpretation, and application of legal precepts").

## III.

This case presents a remarkable record of delay and institutional incompetence. Anchorage, a group of condominium owners, properly challenged their 1981 tax assessments by paying those assessments and filing a refund petition in 1982. *See* 33 V.I.C. § 2451(a). After a hearing, the Board of Tax Review directed Anchorage to resolve as many issues as possible with the Tax Assessor. The parties reached agreement on many, but not all, of the disputed assessments. Anchorage then returned to the Board seeking resolution of the remaining claims. In July of 1984, after a second hearing, the Board denied Anchorage's refund petition. The Board's order was not restricted to those taxpayers with unresolved disputes. It applied as well to those who had settled their differences with the Tax Assessor. Anchorage then petitioned the district court for a writ of review pursuant to 33 V.I.C. § 2453(c).[2] The district court granted the writ in Sep-

---

matically deny the motion for failure to conform to subsection (e). Upon failure of respondent to file a response and brief in opposition to the motion, the court may treat the motion as conceded and render whatever relief is asked for in the motion.

2. The relevant statutory provisions provide as follows:

The decisions of the Board of Tax Review in all matters coming before it under this subtitle shall be final unless the taxpayer, within 30 days after receipt from the Board of ... notice [of the Board's decision], petitions the District Court of the Virgin Islands for a review....
The district court may modify, reverse or affirm the decision of the Board of Tax Review. 33 V.I.C. § 2453(c).
Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court....

5 V.I.C. § 1421.
The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff.
5 V.I.C. § 1422.
Upon the review provided for in this chapter the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and, if necessary, to award restitution to the plaintiff, or, by mandate, direct the officer, board, commission, authority, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the district court on review an appeal may be taken in like manner and with like effect as from a judgment of such district court in a civil action.
5 V.I.C. § 1423.

tember of 1984, and directed the Board to furnish the court with a transcript of the second hearing.

Nearly two years later, with no transcript to review, the district court ordered the Board to provide a transcript of the hearing within twenty days of the court's order. Over three months later, the court again ordered the Board to supply a transcript. Still, the Board failed to respond. On January 29, 1987, the court for the fourth time ordered the Board to provide a transcript.

In late February of 1987, the Board filed its first responsive document with the district court. The Board declared that it lacked the funds to create a transcript. As an alternative, it asked the court to remand to the Board for a new hearing. On March 27, 1987, the court granted the motion over Anchorage's objection. Six months later, with no hearing yet held, Anchorage moved the court for reconsideration of its remand order. The court ordered the Board to hold the hearing no later than January 15, 1988.

The Board did not schedule a hearing until May 25, 1989. At that time, Anchorage requested a short continuance because its chief witness was temporarily away from the Islands. The Board refused the request and conducted a closed door hearing that day. Its decision denying relief was released on June 13, 1989, seven years after the filing of the refund petition. The Board never informed the district court of that decision.

On June 6, 1989, after the closed hearing, but before a decision had been rendered by the Board, Anchorage filed a motion for the entry of judgment in its favor. The motion recounted the years of delay in the proceeding before the Board and alleged that the May 25, 1989, hearing was held in violation of the court's order as well as the Virgin Island statute requiring the Board to conduct its meetings in public. The motion asserted that Anchorage was entitled to summary judgment because the failure to provide a reasonable process for determining its right to recoup the taxes extracted from it violated Anchorage's right to due process of law.

The Board never responded to Anchorage's motion and on October 6, 1989, the district court entered judgment in favor of Anchorage. The district court's order declared that the motion for judgment was deemed conceded because the Board and the Tax Assessor had filed no answer or opposition. The Board appeals from that order.

### IV.

#### A. *The District Court's Jurisdiction*

■ The Virgin Islands Code provides that a taxpayer can petition the district court for a writ of review of a decision of the Board. After conducting a review, the district court can "modify, reverse, or affirm the decision of the Board of Tax Review." 33 V.I.C. § 2453(c). Anchorage properly filed a petition for review in the district court and that court properly agreed to review the Board's July 1984 order declining to grant relief from the assessments and, accordingly, denying the refunds sought by Anchorage.

The Board argues, however, that the order remanding the matter to the Board for a new hearing divested the district court of jurisdiction. The Board analogizes that order to a district court order remanding a previously removed diversity matter to the state courts. In that circumstance, the district court loses jurisdiction over the case. *See Three J. Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

The analogy fails. The cases the Board cites interpret and rely on the language of the removal statute, 28 U.S.C. § 1447(d), which provides that a district court order "remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise...." As the Ninth Circuit Court of Appeals has noted, "[t]his language has been universally construed to preclude ... reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. United States*

*District Court for the Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir.1988). *See also Three J. Farms*, 609 F.2d at 115 ("[t]he prohibition against further consideration of the remand order ... found in the plain language of 28 U.S.C. § 1447(d) ... divested the district court of all jurisdiction in this case"). This rationale is inapplicable to the present case.

In this case, the district court granted the writ of review in September of 1984, but was unable to review the Board's order because the Board was unwilling or unable to provide a transcript. As a result, at the time of the district court's remand order in March of 1987, the district court had not yet considered whether Anchorage was entitled to relief from the Board's order of July 1984 and had not entered an order of its own modifying, reversing or affirming the Board's order of July 1984. Indeed, the Board's July 1984 order remained outstanding until October of 1989 when the district court entered the final order from which the Board now appeals.

In order to remedy the situation created by the Board's default and put itself in a position to give Anchorage the judicial review to which it was entitled under the statute, the district court granted the Board's motion to remand for further proceedings and subsequently entered an order setting a specific timetable for those proceedings. Under these circumstances, we believe that the district court retained jurisdiction to oversee compliance with its mandates and thereafter to provide Anchorage with the judicial review to which it was entitled.

The situation which confronted the district court in the summer of 1987 was much like the one before the Supreme Court in *Ford Motor Co. v. NLRB*, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1939). In that case, the NLRB filed a petition in the court of appeals for enforcement of an unfair labor practice order. When the employer filed a cross-petition for review of that order, the NLRB asked the court to remand so that it could conduct further curative proceedings. The court of appeals granted the Board's motion to remand and the Supreme Court granted certiorari to determine the validity of that remand order. The Supreme Court affirmed, reasoning, in part, as follows:

The cause was remanded to the Board for the purpose "of setting aside its findings and order of December 22, 1937, and issuing proposed findings, and making its decision and order upon a reconsideration of the entire case." The Board in its application for the remand stated that it would take that course. The specified purpose qualified the court's order. It created a condition which the Board was bound to observe. If the Board within a reasonable time failed to set aside its findings and order, *we have no doubt that the court could vacate its order of remand and proceed with its consideration of the petition to review. The propriety of the order of remand must be considered in that aspect.*

. . . .

... The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statutes and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.

305 U.S. at 372–73, 59 S.Ct. at 306–07 (emphasis supplied).

Here, the Board sought an opportunity to create a record that would permit judicial review. It could not strip the district court of jurisdiction to review the Board's outstanding order by the simple expedient of taking no curative action after being granted the opportunity it sought.

### B. *The Court's Order Granting Judgment*

#### 1. *Local Rules and Rule 6(i)*

██ District courts are authorized to prescribe rules for the conduct of court business so long as those rules are consistent with the Acts of Congress and the Federal Rules of Procedure. *See* 28 U.S.C. § 2071. Fed.R.Civ.P. 83 regulates local

rulemaking. The District Court for the Virgin Islands utilized this authority to adopt Rule 6(i). That rule provides, in part, that "[u]pon failure of respondent to file a response and brief in opposition to the motion, the court may treat the motion as conceded and render whatever relief is asked for in the motion."

■ The purpose of Rule 6(i) is not to impose or authorize a sanction for failure to prosecute or defend.[3] The rule applies to all motions, under all circumstances, including those filed in diligently litigated cases. Rather, the rule's purpose is to facilitate the court's disposition of motions. It authorizes the court to grant applications solely on the basis of the information that the moving party puts before the court unless there is some response indicating that a genuine controversy exists concerning the right to the relief sought. The rule does not contemplate that the court will exercise discretion as to whether, for example, the opposing party's failure to respond was due to excusable neglect or whether the movant will suffer prejudice if the motion is denied. Indeed, the objective of the rule would be defeated if the district court had to stop and investigate such matters before acting.

"[L]ocal rules play a 'vital role in the district courts' efforts to manage themselves and their dockets,' " and "facilitate the implementation of court policy...." *Smith v. Oelenschlager,* 845 F.2d 1182, 1184 (3d Cir.1988) (citations omitted). More specifically, we believe the objective of local rules like Rule 6(i) is a laudatory one and that such rules pursue that objective in a reasonable manner. Accordingly, we hold, as many courts before us have done,[4] that § 2071 and Fed.R.Civ.P. 83 authorize the adoption of rules like Rule 6(i).

### 2. *Fed.R.Civ.P. 56 and Local Rule 6(i)*

■ Nevertheless, local rules like Rule 6(i) must be construed and applied in a manner consistent with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2071. In this case, Anchorage moved for the entry of a summary judgment on the ground that the Board had violated Anchorage's right to due process of law by requiring it to pay the assessments and by then denying it a fair hearing and decision on the refund issue within a reasonable period of time. In such a context, Rule 6(i) must be construed and applied in a manner consistent with Fed.R.Civ.P. 56.[5]

The Court of Appeals for the First Circuit addressed a similar situation in *Jaroma v. Massey,* 873 F.2d 17 (1st Cir.1989). The defendant in *Jaroma* filed a motion for

---

**3.** In discussing its own similar rule, the district court of Maine distinguished between granting a motion pursuant to the local rule and granting a default judgment.

> A default judgment is a judgment entered by the Court as a penalty against a party for failure to appear or otherwise to perform a procedurally required act. It is an act founded entirely upon the authority of the Court and does not derive its justification from any express or implied consent of the party against whom it is entered. Local Rule 19(c) mandates that a party's failure to object or otherwise respond in the situation specified by the rule shall be taken to be a waiver of any objection to the relief requested by the initiating motion. The rule authorizes the Court to 'act on the motion' on the basis of [the respondent's] implied, consensual waiver of objection. The Court's action bears no punitive content and may not properly exceed the scope of the claims put forth in the initiating motion....

*Greene v. Union Mutual Life Ins. Co.,* 102 F.R.D. 598, 601 n. 3 (D.Me.1984), *vacated on other grounds,* 764 F.2d 19 (1st Cir.1985). *See also Resolution Trust Corp. v. Leslie* (In re *Liberty Trust Co.*), 903 F.2d 1053, 1055 (5th Cir.1990).

**4.** Other Courts of Appeals have consistently upheld appropriate applications of local rules similar to Rule 6(i). *See, e.g., Resolution Trust Corp. v. Leslie* (In re *Liberty Trust Co.*), 903 F.2d 1053, 1055 (5th Cir.1990); *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir.1989); *Dunlap v. Transamerica Occidental Life Ins. Co.,* 858 F.2d 629, 632 (11th Cir.1988); *Geear v. Boulder Community Hosp.,* 844 F.2d 764, 766 (10th Cir.1988), *cert. denied,* 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988).

**5.** To the extent Anchorage seeks to support the judgment entered in its favor by reference to the Virgin Islands' statutes establishing the scheme for review of tax assessments and requiring that meetings of public agencies be open to the public, our analysis of the relationship and interaction of Local Rule 6(i) and Fed.R.Civ.P. 56 is the same as it is in the context of Anchorage's due process argument.

summary judgment and the plaintiff failed to respond. Rule 11(b) of the local rules of the New Hampshire district court provided that "[u]nless within ten (10) days after the filing of a motion and memorandum by a party, the other party files written objection thereto with memorandum, he shall be deemed to have waived objection, and the court may act on the motion." After six weeks, the district court granted the defendant's motion in reliance on the local rule.

Although it affirmed the judgment of the district court, the court of appeals held that "a district court cannot provide by local rule that a motion for summary judgment will be automatically granted when the opposing party fails to respond", *id.* at 20, because such a rule would violate Fed.R. Civ.P. 56. Even though Rule 56(e) requires a non-moving party to "set forth specific facts showing that there is a genuine issue for trial", it is "well-settled … that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Id.* The court pointed out that Rule 56(e) makes specific provision for this eventuality: "If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party' (emphasis added)." *Id.* (*quoting* Fed.R. Civ.P. 56(e)). Accordingly, the *Jaroma* court concluded that a district court, before granting a summary judgment motion pursuant to a local rule like Rule 6(i), must first determine whether summary judgment is appropriate—that is, whether the moving party has shown itself to be entitled to judgment as a matter of law.

The problem for the *Jaroma* court became how to read the New Hampshire local rule in a manner consistent with Rule 56(e). It tendered the following resolution of that problem:

[T]he rule means that the opposing party, by failing to file a written objection and memorandum as required by the rule, waives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting material accompanying it. The court will accept as true all material facts set forth by the moving party with appropriate record support. If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted.

*Id.* at 21.

We agree with the Court of Appeals for the First Circuit that a local rule like Rule 6(i) is not alone a sufficient basis for the entry of a summary judgment. There must, in addition, be a finding that judgment for the moving party is "appropriate." [6] Where the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law. Where the moving party does not have the burden of proof on the relevant issues, this means that the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

We also agree with the *Jaroma* court that in the context of a motion for summary judgment, a local rule like Rule 6(i) can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompa-

---

**6.** *Dunlap v. Transamerica Occidental Life Ins. Co.,* 858 F.2d 629, 632 (11th Cir.1988), reached the same conclusion. The appellant there maintained that the district court improperly relied solely on a local rule that deemed unanswered motions unopposed. The court of appeals found that the district court properly considered the merits of the motion and that evidence of record supported the court's disposition. The court noted that

[h]ad the district court based its entry of summary judgment solely on [the local rule], a different question would be presented. [The local rule] might well be inconsistent with Fed.R.Civ.P. 56 if it were construed to mean that summary judgment could be granted as a sanction for failure to respond to a motion for summary judgment.

*Id.*

nying it. We are less comfortable with the *Jaroma* court's additional qualification that this waiver should extend only to facts set forth by the moving party "with appropriate record support," which we take to mean facts evidenced by affidavits, pleadings, depositions, answers to interrogatories, or admissions. It may be that a local rule like Rule 6(i) could provide, or be construed to mean, that all of the uncontroverted facts stated in or in connection with the motion may be accepted as true by the court whether or not so evidenced.[7] We need not resolve that issue here, however. Most of the facts relied upon in Anchorage's motion are included in the history of delay acknowledged by the Board in papers previously filed in the district court. The few remaining facts relied upon by Anchorage were within the personal knowledge of its counsel and were certified to by her under Fed.R.Civ.P. 11 when she filed the motion. Under these circumstances, we are unwilling to say that the district court committed reversible error by assuming the truth of all facts set forth in the motion for summary judgment.

We hold that the district court in this case could have adjudicated Anchorage's motion for summary judgment solely on the basis of what Anchorage put before the court in its motion. The court, however, was not entitled to enter a summary judgment in favor of Anchorage unless the facts set forth in the motion entitled Anchorage to judgment as a matter of law.

### 3. The Absence of a Hearing or Consideration *of the "Poulis Factors"*

■ The Board characterizes the judgment against it as a default judgment. It argues that such a judgment cannot be entered without (1) a hearing and (2) consideration of the *Poulis* factors. We disagree. When a party having the burden of proof files a motion for summary judgment to which there is no response, and the court determines that the moving party is entitled to judgment as a matter of law based on the facts presented in the motion, we believe that neither a hearing nor consideration of the *Poulis* factors are required before judgment is entered.

■ While Rule 56 speaks of a "hearing," we do not read it to require that an oral hearing be held before judgment is entered. An opportunity to submit written evidence and argument satisfies the requirements of the rule.[8] Such an opportu-

---

**7.** There are local rules, for example, which require that a motion for summary judgment set forth a concise statement of the facts relied upon and that those facts will be accepted as true unless specifically contradicted in the response. *See, e.g.,* E.D. and W.D.Ark.Loc.R. 29; C.D.Cal.Loc.R. 7.14; S.D. and E.D.N.Y.Loc. Civ.R. 3(g); N.D.W.Va.Loc.R. 2.07(d). The Second Circuit Court of Appeals has noted that the New York rule "serves a valuable function" by "enabl[ing] the parties and the court to clear away the fog that so often hangs over the early stages of litigation." *SEC v. Research Automation Corp.,* 585 F.2d 31, 34 n. 6 (2d Cir.1978). The Court of Appeals for the First Circuit has also expressed its approval of such a rule. *See Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 931–32 (1st Cir.1983).

This Court and others have held that "deemed admissions" under Fed.R.Civ.P. 36(a) are sufficient to support orders of summary judgment. *See Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *see also U.S. v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir.1987); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 651 (2d Cir. 1983). While Rule 56 makes specific reference only to pleadings, depositions, answers to interrogatories, admissions, and affidavits, a local rule giving preclusive effect to facts asserted in a motion that remain unchallenged after a stated period of time is entirely compatible with a rule giving preclusive effect to unchallenged allegations contained in a complaint or a demand for admission.

**8.** *See Geear v. Boulder Community Hospital,* 844 F.2d 764, 766 (10th Cir.) (where non-moving party failed to respond to motion for summary judgment within time period provided by local rule, district court review of briefs and other materials submitted in support of motion satisfied "hearing" requirement of Rule 56), *cert. denied,* 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988); *Donaldson v. Clark,* 819 F.2d 1551, 1555 (11th Cir.1987) ("Rule 56 does not require that an oral hearing be held on a summary judgment motion"); *Langham–Hill Petroleum Inc. v. Southern Fuels Co.,* 813 F.2d 1327 (4th Cir.) ("there is no absolute requirement that a ruling on a motion for summary judgment be preceded by a hearing"), *cert. denied,* 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 60 (1987); *Grigoleit Co. v. United Rubber, Cork, Linoleum and Plastic Workers of America Local 270,* 769 F.2d 434 (7th

nity was afforded in this case and the Board would have no cause for complaint if the district court had otherwise complied with Rule 56.

This case presents the same issue with respect to the adequacy of the notice and opportunity to be heard that was resolved by the Court of Appeals for the Fifth Circuit in *Resolution Trust Corp. v. Leslie* (In re *Liberty Trust Company*), 903 F.2d 1053 (5th Cir.1990). In that case, the trustee in a bankruptcy proceeding filed a motion for summary judgment. The adverse party, First Savings Bank, failed to respond within the time period provided by local rule and the bankruptcy court granted summary judgment without further notice and a hearing. On appeal, First Savings, like the Board in this case, maintained that the court, in effect, had granted a default judgment without giving the notice and affording the hearing required by Fed.R.Civ.P. 55. The court of appeals rejected this argument, holding that the entry "of a summary judgment is not analogous to entry of judgment by default and Rule 55 [had] no application.... First Savings was served with and received [the trustee's] motion for summary judgment. This alone provided adequate notice that the case might be summarily disposed of." *Id.* at 1055.

The Board's invocation of the "*Poulis* factors" refers to this court's opinion in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984), and the factors it identifies as relevant when a

court determines the consequences of a party's failure to prosecute or defend as provided in the Federal Rules of Civil Procedure. Those factors include the following:

1. The extent of the party's personal responsibility for failure to prosecute or defend.

2. The extent of any prejudice to the adversary from that failure.

3. Any history of dilatoriness on the part of the recalcitrant party.

4. Whether the attorney's conduct was willful or in bad faith.

5. The adequacy of alternative sanctions.

6. Whether the underlying claim appears to have merit.

■■■■■■ Depending on the record before the court, consideration of one or more of the *Poulis* factors may be required when a party moves under Rule 37(b)(2) for dismissal of an opponent's claim as a sanction for a failure to respond to discovery, *e.g.,* *Hicks v. Feeney*, 850 F.2d 152 (3d Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989), when a defendant moves under Rule 41(b) for an involuntary dismissal as a sanction for a failure to prosecute, *e.g., Dunbar v. Triangle Lumber and Supply Co.,* 816 F.2d 126 (3d Cir.1987), or when a plaintiff moves under Rule 55(b) for a default judgment as a sanction for a failure to plead or otherwise defend, *e.g., Comdyne I, Inc. v. Corbin,* 908 F.2d 1142 (3d Cir.1990).[9]

Cir.1985) ("the type of hearing required under rule 56(c) need not include oral argument").

The Eleventh Circuit notes that even though no oral argument is required, the court should inform the non-moving party of the date as of which the court will consider the motion. *Donaldson,* 819 F.2d at 1555. An appellant made this argument to the Tenth Circuit Court of Appeals in *Geear.* There, the court held, and we agree, that the applicable local rule providing that a party must respond to a motion within 20 days provides the necessary notice as to the date as of which the court will consider the motion. On the facts of this case, *Geear'*s analysis applies. Virgin Island Local Rule 6(i) put the Board on notice that the court could act on Anchorage's motion as early as ten days after it was filed. *See also Dunlap,* 858 F.2d at 632 (Court of Appeals for the Eleventh Circuit holds

that "[l]ocal rules may serve the purpose of giving the notice required by Rule 56.").

**9.** In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in *Poulis. See Comdyne I, supra; Dunbar, supra.* When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of *Poulis* type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit

We have never held, however, that consideration of *Poulis* type factors is required before a court enters a summary judgment on an uncontested Rule 56 motion and we decline to do so in this case. Summary judgment under Rule 56 is not entered as a sanction, and, as this case demonstrates, it simply would not be feasible for district courts to comply with such a requirement. When the moving party makes the showing of entitlement to relief required by Rule 56 and its opponent fails to respond, the court will not, in most instances, have a record that will permit it to give consideration to the *Poulis* factors. In this case, for example, when the district court entered summary judgment, it had no way of knowing, short of conducting a *sua sponte* investigation, why the Board failed to contest the motion. Since the Board filed no motion for reconsideration or relief from judgment, the district court, and indeed this court, remains uninformed to this day on that issue. Under these circumstances, we cannot fault the district court for failing to speculate about the *Poulis* factors.

Rule 56 specifies in detail what the moving party must do to demonstrate its entitlement to relief. When such a demonstration has been made and there is no response, the rule specifies what the court must do. It does not require that the court initiate its own investigation into the background of the failure to respond. Accordingly, we hold that if a motion for summary judgment is filed in a court with a local rule like Rule 6(i) and the opponent fails to respond, a district court may process the motion in accordance with Rule 56 without scheduling a hearing and conducting an inquiry into the *Poulis* factors.

### V.

Because there is no record indication of a determination of the legal merit of Anchorage's due process argument, we cannot sustain the judgment as a summary judgment unless we are willing to undertake that determination ourselves and conclude that plaintiffs are entitled to the relief they seek as a matter of law based on the facts in the motion. *See Jaroma v. Massey*, 873 F.2d 17, 22 (1st Cir.1989). Anchorage has not briefed the due process issue before us, however, other than to state in one sentence that "the delay at the agency, in and of itself, represented a denial of due process." Appellees' Brief at 20. For this reason, we decline to address the due process issue in the first instance.

It follows that we must remand for further proceedings. On remand, the district court may once again address Anchorage's motion for summary judgment. The district court may not grant that motion, however, without making a determination that Anchorage is entitled to summary judgment as a matter of law based on the facts set forth in the motion.

We will vacate the district court's order and remand for further proceedings consistent with this opinion.[10]

---

such consideration. *See, e.g., Port–Wide Container Co. v. Interstate Maintenance Corp.,* 440 F.2d 1195 (3d Cir.1971) (district court did not abuse discretion when it refused to set aside default judgment entered by clerk pursuant to Fed.R.Civ.P. 55(b)(1)).

**10.** We have considered and have rejected the Board's argument that the judgment against it constituted a prohibited default judgment in a tort action against the Government of the Virgin Islands, *see* 33 V.I.C. § 3411(a).