John Joseph BLASI, Petitioner,

v.

ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, Respondent.

No. 4:CV-98-1545.

United States District Court, M.D. Pennsylvania.

Dec. 17, 1998.

John Joseph Blasi, Waymart, PA, pro se.

Melinda Christina Ghilardi, Federal Public Defender, Scranton, PA, for Petitioner.

### *MEMORANDUM*

McCLURE, District Judge.

### *BACKGROUND:*

On September 18, 1998, petitioner John Joseph Blasi, an inmate at the State Correctional Institution at Waymart, Wayne County, Pennsylvania, commenced this action with the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Blasi was convicted in 1994 in the Court of Common Pleas of Lackawanna County of four counts of involuntary deviate sexual intercourse, two counts of indecent assault, and one count each of corruption of a minor, endangering the welfare of a child, and indecent exposure. Two consecutive terms of incarceration for a period of 60 to 120 months were imposed, combining various counts relative to each term. Blasi's total sentence was 120 to 240 months' incarceration.

On direct appeal, the Superior Court affirmed the judgment of conviction and sentence, *Commonwealth v. Blasi,* 444 Pa.Super. 672, 663 A.2d 244 (1995)(table), and the Supreme Court denied a petition for allocatur, *Commonwealth v. Blasi,* 542 Pa. 640, 666 A.2d 1050 (1995)(table). Before the latter ruling was issued, Blasi filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA) which was denied by the Court of Common Pleas. The Superior Court again affirmed, *Commonwealth v. Blasi,* 711 A.2d 1037 (Pa.Super.1998), and the Supreme Court again denied allocatur. *Commonwealth v. Blasi,* No. 121 M.D. Allocatur Docket 1998 (Pa. issued August 12, 1998)(per curiam; *see* documents docketed collectively as record document no. 4; no published order or opinion is returned after a search of electronic database). Blasi, acting pro se, then filed the instant petition.

Before the court is the report and recommendation of U.S. Magistrate Judge Raymond J. Durkin, which recommends that the petition be dismissed because some of the

claims raised therein are untimely and for failure to exhaust state remedies.

**DISCUSSION:**

██ A district court is required to review de novo those portions of a magistrate judge's report to which objections are made. *Commonwealth of Penna. v. United States,* 581 F.Supp. 1238, 1239 (M.D.Pa.1984); 28 U.S.C. § 636(b)(1). When no objections are filed to the report of a magistrate judge, a court has discretion to review that report as it deems appropriate. A magistrate judge's finding or ruling on a motion or issue properly becomes the holding of the court unless objections are filed. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). However, the district court may not grant a motion for summary judgment, Fed. R.Civ.P. 56, or a motion to dismiss under Fed.R.Civ.P. 12(b)(6) solely because the motion is unopposed; such motions are subject to review for merit. *Stackhouse v. Mazur-kiewicz,* 951 F.2d 29, 30 (3d Cir.1991); *Anchorage Associates v. Virgin Islands Board of Tax Review,* 922 F.2d 168, 174 (3d Cir. 1990).

The court has received a document from petitioner, in letter form, which we construe as objections to the report and recommendation. The magistrate judge's report and recommendation was prepared on initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. following § 2254. Since no service has been made, no response is to be expected. We therefore review the objections at this time. Construing the objections broadly, it appears that Blasi contends that the petition should not be viewed as untimely because the time has been spent exhausting his state remedies.[1] Also, he contends that he has presented all of his claims to the state courts. Alternatively, Blasi contends that timeliness and exhaustion should be excused because he has been relying on the advice of counsel.

We will address the objections, as rephrased, in turn.

## I. TIMELINESS

In 1996, a statute of limitations provision applicable to petitions under § 2254 was enacted. Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104–132, §§ 101, 106, 110 Stat. 1217, 1220 (April 24, 1996). The provision reads:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State Action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

██ The one-year period of limitations is subject to equitable tolling. *Miller v. New*

---

1. One of Blasi's claims has been before us previously. His complaint under 42 U.S.C. § 1983 alleged that the jury selection system in Lackawanna County was unconstitutional. We construed the complaint as both a petition under § 2254 and a complaint under § 1983. The petition was dismissed for failure to exhaust, and the complaint was dismissed pursuant to *Heck v.*

*Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as not having accrued. *Blasi v. Barrasse,* No. 4:CV–94–0757 (M.D. Pa. filed September 6, 1994). The problem of a second or successive petition is not implicated because a dismissal based on failure to exhaust does not bar a later petition. *Christy v. Horn,* 115 F.3d 201, 208 (3d Cir.1997).

*Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir.1998). A "properly filed application" under the PCRA, i.e. one which complies with the PCRA's procedural requirements such as the time and place of filing, tolls the limitations period under § 2244(d). *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998).

The magistrate judge determined that the claims raised by Blasi on direct appeal, but not in his PCRA petition, are time-barred. As to the piecemeal nature of the litigation this reasoning necessarily would entail, that is, that a petitioner under § 2254 would have to file a petition after direct appeal and again after collateral review, the magistrate judge concluded that "[i]t was petitioner's own actions which gave rise to this problem by continually piecemealing the issues raised in the various proceedings in state court." Report and Recommendation at 7.

Blasi's petition gives rise to a number of rather subtle issues concerning the limitations provision and its relationship to other statutes governing habeas corpus.

█ Once the highest court of the state rules on a petitioner's direct appeal, the petitioner has 90 days to file a petition for a writ of certiorari to the Supreme Court of the United States. 28 U.S.C. § 2101(c); Sup.Ct. R. 13(1). If that time has expired and no petition for certiorari is filed, or a petition for certiorari is denied, the conviction becomes final and the statute of limitations begins to run. *Rashid v. Khulmann,* 991 F.Supp. 254, 259 n. 2 (S.D.N.Y.1998)(citing *Caspari v. Bohlen,* 510 U.S. 383, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)). If a petition for certiorari is granted, the conviction presumably becomes final when the Supreme Court issues a ruling on the case. At least one court has held that the limitations period begins to run during the time between the issuance of a final judgment and the filing of a petition for collateral review:

> It is true that, under 28 U.S.C. § 2244(d)(2), the one year statute of limitations is tolled while a duly filed petition for state collateral review is pending. The tolling provision does not, however, "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.

*Rashid* at 259. We need not decide that issue, however, since Blasi actually filed his PCRA petition before the Supreme Court of Pennsylvania issued its opinion on direct appeal.

The magistrate judge concluded that the statute of limitations would begin to run on the date the direct appeal became final, when the Supreme Court of Pennsylvania denied allocatur after the direct appeal, which occurred in 1995. This limitations period would apply to those issues raised on direct appeal, and the filing of a PCRA petition would not toll the limitations period as to those issues. The limitations period would be tolled only for issues which were the subject of the PCRA petition.

█ In this instance, any issue raised by Blasi on his direct appeal would be time-barred. The statute would not begin to run until the AEDPA was enacted, *Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998), but would have expired long before the filing of the instant petition.

The question, then, is whether a petitioner must file his § 2254 petition in federal court after the judgment becomes final as to issues raised on direct appeal while the PCRA proceedings are still available as to other issues. The problem with such a requirement is that unexhausted issues presented in a PCRA petition would be unavailable for federal habeas review. Once the PCRA proceedings concluded, the petitioner would be required to seek leave to file a second or successive petition as to issues raised in the PCRA proceedings. 28 U.S.C. § 2244(b)(3). However, the grounds for the granting of such an order would be absent. *See* 28 U.S.C. § 2244(b)(2). As an example, a claim of ineffective assistance of counsel on appeal generally would be raised in a PCRA petition. However, the factual basis for such a claim would be available prior to the filing of the PCRA petition and the first habeas corpus petition, *see* § 2244(b)(2)(B), and no second or successive petition is permitted.

Moreover, requiring a petitioner to file a § 2254 petition while a PCRA proceeding is

pending or available would contravene the principle of comity embodied in the exhaustion requirement, discussed below. *See generally Lovasz* at 148(AEDPA enacted to reduce federal intrusion into state criminal proceedings).[2] Simultaneous review would not allow the state to "have the first opportunity to address and correct alleged violations of state prisoner's [sic] federal rights." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

To this should be added the procedural morass which would result from the difficult analysis required to distinguish exhausted issues from unexhausted issues, which often overlap.

Finally, we note that the tolling provision refers to state collateral review of "the pertinent judgment *or* claim," § 2244(d)(2)(emphasis added), which may be read (in the context of Pennsylvania law) to mean a PCRA petition challenging either the judgment or the specific claim asserted. That is, a PCRA related either to the specific claim or the validity of the underlying conviction (the judgment) would be sufficient to toll the statute of limitations. At most, the phrase "pertinent judgment or claim" is ambiguous, and we resolve the ambiguity in the same way, so that the provision is consistent with the principles discussed above.

■ In sum, we conclude that the statute of limitations was tolled as to all issues raised by Blasi, either on direct appeal or on collateral review, during the pendency of his PCRA proceedings. Since those proceedings began before the Supreme Court of Pennsylvania denied allocatur on direct appeal, the statute did not begin to run until 90 days after allocatur was denied on appeal from denial of the PCRA petition. None of Blasi's claims therefore is time-barred under § 2244(d).

## II. EXHAUSTION

The magistrate judge also recommended dismissal for failure to exhaust state remedies.

■ Generally, before presenting a petition for a writ of habeas corpus to a federal court, a person in state custody must exhaust all remedies provided in the state courts. 28 U.S.C. § 2254(b). The requirement of exhaustion means that a state prisoner may initiate a federal habeas corpus action only after the state courts have had an opportunity to hear the claim the petitioner seeks to vindicate in federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). The exhaustion doctrine requires the defendant to present the issue to any intermediate state appellate court, if applicable, and to the state's supreme court. *Evans v. Court of Common Pleas of Delaware County*, 959 F.2d 1227, 1230 (3d Cir.1992)(citing *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)), *cert. dismissed*, 506 U.S. 1089, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993). The issue must be "fairly presented" to the state courts, meaning that "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts, ... and the same method of legal analysis must be available to the state court as will be employed in the federal court..." *Evans*, 959 F.2d at 1231 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Santana v. Fenton*, 685 F.2d 71, 74 (3d Cir.1982), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir.1986)).

■ The provision of § 2254 relating to fair presentation of issues to the state courts reads:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c). A claim is not exhausted, then, until it has been presented to the

---

**2.** The *Lovasz* court did not distinguish between issues presented on direct appeal, appeal from a PCRA petition, or appeal from a second PCRA petition in finding that the pendency of the appeal of the second PCRA petition tolled the statute of limitations. 134 F.3d at 149.

highest court of the state either on direct appeal or by collateral review, if the latter is available under state law, although presentation of the claim on direct appeal obviates the need to present the issue on collateral review. *Castille,* 489 U.S. at 349–350, 109 S.Ct. 1056. *See also Coleman* 501 U.S. at 731, 111 S.Ct. 2546 ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."; citations omitted).

■ The exhaustion doctrine is based upon notions of comity, and is not jurisdictional in nature. *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.)(citing *Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)), *cert. denied,* 513 U.S. 1024, 115 S.Ct. 593, 130 L.Ed.2d 506 (1994). Nevertheless, the exhaustion requirement is more than a mere formality: "It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Mayberry v. Petsock,* 821 F.2d 179, 183 (3d Cir.)(citing *Picard, supra* ), *cert. denied,* 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987). "[T]he requirement should be strictly adhered to because it expresses respect for our dual judicial system." *Wise v. Fulcomer,* 958 F.2d 30, 33 (3d Cir.1992)(quoting *Landano v. Rafferty,* 897 F.2d 661, 668 (3d Cir.), *cert. denied,* 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990); also citing *Rose, supra* ).

■ A mixed petition, that is, one which contains both exhausted and unexhausted claims, must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, if the unexhausted claims are procedurally barred in the state courts, the petition is not a mixed petition. *Toulson v. Beyer,* 987 F.2d 984 at 987(3rd Cir.1993). In such an instance, "[t]he district court may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred." *Id.* (citation omitted). Before the requirement of exhaustion will be excused, state law must clearly foreclose review by the state courts of unexhausted claims.

*Id.* (citing *Gibson v. Scheidemantel,* 805 F.2d 135, 139 (3d Cir.1986)).

The second claim recited by Blasi is that his appellate counsel during the direct appeal stage was ineffective. This claim was not presented to the state courts, including the PCRA court, the obvious opportunity to do so. In the past, the Pennsylvania courts would review a second PCRA petition under certain circumstances. *See generally Banks v. Horn,* 126 F.3d 206, 212 (3d Cir.1997) (Pennsylvania courts excuse waiver of issues in PCRA if the petitioner makes a strong showing of actual innocence or miscarriage of justice; citing death penalty case but reciting general rule). Recently, those circumstances became much more limited.

In *Commonwealth v. Albrecht,* 720 A.2d 693, 1998 WL 807957 (Pa. issued Nov. 23, 1998), a capital case, the Supreme Court of Pennsylvania reviewed the denial of a PCRA petition in which counsel was allegedly ineffective in waiving a number (69) of issues which had been recited in the petition by former counsel. The three remaining issues were previously litigated and/or frivolous. The petitioner argued that the Court should consider all of the waived issues under the doctrine of "relaxed waiver" which previously had applied in capital cases. The Court held that a waived issue would be considered only if prior counsel had been ineffective in waiving the issue. *Id* at *3. In so concluding, the Court determined that there was a right to the effective assistance of counsel in PCRA proceedings based on Pa. R.Crim. P. 1504, as opposed to the Sixth Amendment, which provides no such right (the effect of the lack of a Sixth Amendment right to counsel is discussed below). *Id.* at *2–*3. *See also* Pa. R.Crim. P. 1504(d) (appointment of counsel in PCRA proceedings effective through appeal).

*Albrecht* is important in the context of this case because Blasi alleges that he had the same counsel during the PCRA proceedings as during his direct appeal, which may affect a decision of whether to pursue a claim of ineffective assistance of counsel. *See, e.g. Albrecht* at *1 (noting withdrawal by public defender due to potential claims of ineffectiveness of that office).

It is not clear whether a claim of ineffective assistance by appellate counsel not made by the same counsel in a PCRA petition might constitute ineffective assistance of PCRA counsel, permitting review in a second PCRA petition. The Supreme Court of Pennsylvania considered the ineffectiveness claims in the context of an appeal from the denial of the PCRA petition, but its reasoning does not seem to preclude consideration of the issue in a successive petition, given the identity of counsel and the existence under state law of the right to effective assistance for all of the proceedings as to which Blasi alleges ineffective assistance. For these reasons, the possibility of presenting the issue to the state courts is not clearly foreclosed. Of course, if the state courts determine that the claims are waived, they are likely to be found procedurally barred in federal court, as well. *See Coleman.*

The end result is that Blasi's petition is a mixed petition under *Rose* and is subject to dismissal. Dismissal may be avoided if Blasi recites a ground to circumvent the exhaustion requirement.

### III. GROUNDS TO EXCUSE EXHAUSTION

There are instances in which a petitioner's failure to exhaust state remedies may be excused. In the Third Circuit, exhaustion has not been required when "the state corrective process is so deficient as to render any effort to obtain relief futile," when "the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable," and when "inordinate delay in state procedures ... render[s] state process ineffective." *Wise v. Fulcomer,* 958 F.2d 30, 33 n. 6 (3d Cir.1992)(further citations omitted). No such circumstances are present in this case.

The only ground raised by Blasi is that his counsel was ineffective for failing to present these claims before the state courts. As noted, the stage at which Blasi's claim of ineffective assistance of appellate counsel could have been presented was in his initial petition under the PCRA. In *Coleman,* the Supreme Court of the United States indicated that the Sixth Amendment right to counsel does not attach to state collateral proceedings. Moreover, even if the collateral proceeding is the first stage at which an issue of ineffective assistance of trial or appellate counsel may be raised, the collateral proceeding is itself the first appeal (to which the right to counsel does attach), and there is no right to counsel beyond that first court's collateral review.

In this instance, if a claim first may be presented only to the PCRA court, the right to counsel would not attach beyond the PCRA court to any appeal from an adverse decision in that court. Here, once Blasi's PCRA petition was denied by the Court of Common Pleas, he had no Sixth Amendment right to counsel, and ineffective assistance at that stage is not a basis for excusing a failure to exhaust, and a claim of ineffective assistance at the initial PCRA proceeding, for exhaustion purposes, is waived by the failure to appeal.

In *Coleman,* the Supreme Court was discussing the effect of alleged ineffective assistance of counsel in the context of a procedural default. However, in so doing, it noted the stages at which the right to counsel attaches. If that right does not attach to a particular stage of the proceedings, we do not see how it may be grounds to excuse a shortcoming in the petition. That is, whether the petitioner's problem is failure to exhaust or a procedural bar, if there is no right to counsel, there can be no ineffective assistance and therefore that may not be a ground to excuse the shortcoming.

Since Blasi has failed to exhaust his state remedies and there is no basis for excusing the failure, the petition is mixed and subject to dismissal. We do not address other claims found unexhausted by the magistrate judge.

### IV. APPOINTMENT OF COUNSEL

One final issue is Blasi's request for the appointment of counsel, raised first in a motion appended to his application to proceed *in forma pauperis.* The request is not addressed in the report and recommendation, and is repeated in the objections thereto.

■ There is no automatic right on the part of an indigent petitioner under § 2254 to the appointment of counsel under the Sixth Amendment. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992). However, counsel may be appointed under either § 2254(h) or 18 U.S.C. § 3006A(g) (§ 2254(h) provides that appointment of counsel is governed by § 3006A) and is discretionary with the court. The standard is whether "the interests of justice so require," § 3006A(g), and requires determinations that the petition is not frivolous and that the appointment will benefit the petitioner and the court. *Id.* at 263–264. Factors to be considered include the complexity of the factual and legal issues, and the pro se litigant's ability to investigate facts and present claims. *Id.* at 264.

Also instructive is a non-exhaustive list of factors to be considered by a district court in deciding whether to appoint counsel for an indigent litigant under 28 U.S.C. § 1915(d), set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir.1993), *cert. denied*, 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994). They are: (1) the plaintiff's ability to present his case, including his education, literacy, prior work experience, prior litigation experience, and ability to understand English (*id.* at 156); (2) the difficulty of the legal issues involved in the case (*id.*); (3) the ability of the plaintiff to investigate his case, including limits related to his incarceration, the extent of discovery, and the effect of complex discovery rules (*id.*); (4) whether the outcome of the case depends upon witness credibility or expert testimony (*id.*); (5) the time at which counsel becomes necessary, such as at trial (*id.* at 156–157); and (6) the availability of volunteer legal services, weighing the amount of this resource against the needs of the individual case (*id.* at 157). Of course, the latter would not apply, as volunteer counsel is not necessary under § 3006A.

Blasi already has had difficulty in presenting his claims to the court, and indeed there are a number of claims which need to be examined for purposes of exhaustion and procedural default. Moreover, Blasi must decide whether to forgo the claims which have not been exhausted and proceed in this court. This memorandum itself reflects the complexity of the issues involved.

■ It appears that it would be appropriate to appoint counsel for the purpose of making a determination as to whether to proceed in this court or to return to state court to exhaust those claims which have not been exhausted. Moreover, Blasi appears to need assistance in preparing an adequate petition, given the number of issues and the complexity of determining which of those may be presented in a petition under § 2254.

## V. CONCLUSION

Based on the foregoing, the report and recommendation will be adopted, as modified. Blasi's petition will be dismissed as a mixed petition. The dismissal will be without prejudice, and Blasi will be given the opportunity to file an amended petition. The motion for the appointment of counsel will be granted.

An order consistent with this memorandum will issue.

## ORDER

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1. The report and recommendation (record document no. 5) of the magistrate judge is adopted as the holding of the court, as amended hereby.

2. Petitioner John Joseph Blasi's petition (record document no. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice as a mixed petition.

3. Blasi is granted leave to file, within 45 days of the date of this order, an amended petition setting forth exhausted claims only, or grounds to excuse exhaustion. The statute of limitations shall be equitably tolled during that 45–day period.

4. Blasi's motion (appended to record document no. 2) for the appointment of counsel is granted.

5. The Federal Public Defender or his designee is appointed to represent Blasi in these proceedings.

6. The foregoing appointment of counsel is limited as follows:

(a) Counsel shall consult with Blasi for the purpose of determining whether to forgo unexhausted claims and proceed in this court only on those claims which have been exhausted, or returning to state court to exhaust further claims;

(b) If Blasi elects to proceed in this court, counsel shall prepare the amended petition permitted under ¶3, above, and shall represent Blasi in all further proceedings before this court;

(c) If Blasi elects to return to state court to further exhaust state remedies, counsel shall file a notice of same within the time permitted for the filing of the amended petition. The representation by counsel appointed by this court would cease upon the filing of said notice.

7. The clerk is directed to refer for initial review any amended petition filed pursuant to this order to Magistrate Judge Durkin.

8. The clerk is directed to close the file upon the filing by Blasi of a notice of intent to proceed in state court.

9. The clerk is directed to send a copy of this order and the accompanying memorandum to the petitioner, the Federal Public Defender, and Magistrate Judge Raymond J. Durkin.