**Alexander JAROMA, Plaintiff, Appellant,**

**v.**

**James J. MASSEY, etc., et al., Defendants, Appellees.**

**No. 88–1629.**

United States Court of Appeals, First Circuit.

Submitted Nov. 4, 1988.

Decided April 28, 1989.

---

Alexander Jaroma, pro se.

Frank E. Kenison and Nixon, Hall & Hess Professional Ass'n, Manchester, N.H., on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, and COFFIN and SELYA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Alexander Jaroma, proceeding *pro se*, filed a complaint on August 13, 1987 against defendants-appellees the Town of Hooksett, N.H., the Hooksett Police Department, and three Hooksett police officers, James Massey, A. Martin Granville, and James Oliver. The complaint alleged that officers Massey and Granville had falsely arrested, assaulted, and maliciously prosecuted him, giving rise to a cause of action under 42 U.S.C. § 1983. The complaint further sought relief against the remaining defendants on grounds of inadequate supervision and training of officers Massey and Granville. This *pro se* complaint, signed by Jaroma, ended with the following declaration: "I declare under penalty of perjury that the foregoing factual allegations are true and correct."

On March 15, 1988, defendants filed a motion for summary judgment accompanied by supporting affidavits, exhibits, and a memorandum of law. The affidavits set forth facts directed to establishing that defendants were entitled to a defense of qualified immunity as a matter of law. Defendants did not certify to the court that they had made a good faith attempt to obtain Jaroma's concurrence in the motion, as is required by Rule 11(b) of the Rules of the United States District Court for the District of New Hampshire (hereinafter the "Local Rules"). Jaroma filed no response to defendants' motion.

On April 29, 1988, six weeks after the filing of defendants' motion, the district court granted the motion because of Jaroma's failure to file any response. There was no opinion or bench ruling by the district court granting the motion. Instead, the granting of the motion took the form of a stamp on the first page of the motion reading, "Date: April 29 1988. Motion granted, Rule 11. No objection by opposing counsel. James R. Starr, Clerk." The reference was to Local Rule 11(d), which provides, "Unless within ten (10) days after the filing of a motion and memorandum by a party, the other party files written objection thereto with memorandum, he shall be deemed to have waived objection, and the court may act on the motion."

Subsequently, on May 13, 1988, Jaroma filed a document entitled "Plaintiff's Counter–Declaration in Opposition to Motion for Summary Judgment." In substance, this document amounted to a motion for reconsideration of the grant of summary judgment and an affidavit by Jaroma setting forth facts directed to establishing a factual dispute regarding defendants' entitlement to a qualified immunity defense. The district court denied Jaroma's counter-declaration with a hand-written notation on its first page, stating, "Objection is moot. Case closed 4/29/88. James R. Starr 5/13/88." Jaroma appeals. We affirm.

Jaroma raises a number of arguments on appeal. He argues that the district court's grant of summary judgment was improper because the record contained his verified complaint, which should have been treated as an affidavit under Fed.R.Civ.P. 56(e) and, so treated, would have been sufficient to establish the existence of genuine issues of material fact precluding summary judgment. It was improper, Jaroma contends, for the clerk of the district court automatically to grant the motion for summary judgment, and deny Jaroma's "counter-declaration," without apparent reference to a judge. Furthermore, according to Jaroma, since Local Rule 11(a)(1) provides that "[t]he clerk shall not accept any motions not in compliance with procedures outlined in these Rules," the motion for summary judgment should not even have been accepted for filing because it did not comply with the requirement of Local Rule 11(b) that "[t]he moving party shall certify to the court that he has made a good faith attempt to obtain concurrence in the relief sought."

■ Under Fed.R.Civ.P. 56(e), "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue

for trial." It is well-settled, however, that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond. To the contrary, Rule 56(e) goes on to provide that "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party (emphasis added)." Under this provision it is clear that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 929 (1st Cir.1983) (*quoting Thornton v. Evans*, 692 F.2d 1064, 1075 (7th Cir. 1982)). Accordingly, the district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.

■ By the same token, a district court cannot provide by local rule that a motion for summary judgment will be automatically granted when the opposing party fails to respond. The court first must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. *Thornton v. Evans*, 692 F.2d 1064, 1074–75 (7th Cir.1982); *McDermott v. Lehman*, 594 F.Supp. 1315, 1320 (D.Me.1984). Any construction of Local Rule 11(d) to the contrary would be inconsistent with Fed.R. Civ.P. 56(e) and therefore invalid. *Id.*

In the instant case, there is nothing in the record to suggest that the district court reviewed defendants' motion and the supporting papers before granting summary judgment. The only indication of the basis for granting the motion was the stamp on the first page of the motion reading, "Date: April 29 1988. Motion granted, Rule 11. No objection by opposing counsel. James R. Starr, Clerk." From this it would appear that, as Jaroma argues, the clerk of the district court granted the motion, for lack of a response, without any reference to the district judge. While we do not doubt that the district court may choose to delegate a wide range of ministerial functions to the clerk, acting for the court, obviously the clerk could not be called upon to perform the judicial task of evaluating the adequacy of a moving party's summary judgment papers.

■ Even assuming that the district judge in fact did direct the clerk to enter summary judgment, we still could not affirm an automatic grant of summary judgment based solely on the opposing party's failure to respond to the motion, without any review of the motion itself and the submissions in support thereof. If the district court interpreted Local Rule 11(d) to authorize such an automatic grant of summary judgment in these circumstances, then we must find that the district court misinterpreted the Rule. Local district court rules cannot be construed in such a way as to render them inconsistent with applicable provisions of the Federal Rules of Civil Procedure. *See McDermott, supra*, 594 F.Supp. at 1319.

Our task, then, is to interpret Local Rule 11(d) so as to preserve its scope and validity without running afoul of the requirements of Fed.R.Civ.P. 56. In this regard, we note that some district courts have adopted local rules stating, in essence, that all material facts set forth by the moving party will be deemed to be admitted by the opposing party unless properly controverted by a response served by the opposing party. *See* District of Maine Local Rule 19(b)(2); District of Puerto Rico Local Rule 311.12. This court has expressly stated its approval of local rules of this type as consonant with the spirit and the letter of Fed.R.Civ.P. 56, in that such rules require the district court to satisfy itself that the moving party has met its initial burden to show that it is entitled to summary judgment. *Stepanischen, supra*, 722 F.2d at 931–32. The District of New Hampshire has no such rule; its handling of the problem is limited to Local Rule 11(d), which governs unopposed motions generally and

does not deal specifically with motions for summary judgment.

We read Local Rule 11(d) to have essentially the same effect in summary judgment cases as the above-cited Local Rules in the Districts of Maine and Puerto Rico. Rule 11(d) states that, unless the opposing party files a written objection to the motion and a memorandum, "he shall be deemed to have waived objection, and the court may act on the motion." That "the court may act on the motion" does not necessarily imply that the court's action must take the form of automatically granting the motion without further inquiry. We conclude that the rule means that the opposing party, by failing to file a written objection and memorandum as required by the rule, waives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting materials accompanying it. The court will accept as true all material facts set forth by the moving party with appropriate record support. If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted.

This construction of Rule 11(d) in summary judgment cases does not undermine the incentive for the opposing party to file the required objection and memorandum in a timely fashion. If the opposing party does not, then it has waived the right to contest factual allegations in the moving party's motion papers that have record support. At the same time, the opposing party's failure to respond will not permit the moving party to obtain summary judgment unless, as Fed.R.Civ.P. 56 requires, the moving party's allegations support summary judgment as a matter of law. The district court for the District of Maine has lent essentially the same interpretation to District of Maine Local Rule 19(c), a provision similar to the District of New Hampshire Local Rule at bar. *McDermott, supra*, 594 F.Supp. at 1320–21.

There can be no question that Rule 11(d) provides adequate notice to the opposing party of the consequences of a failure to respond. The rule states, again, that fol-

lowing such a failure "the court may act on the motion." Accordingly, the opposing party must presume that the court will act in a manner consistent with Fed.R.Civ.P. 56.

Upon review of the affidavits and exhibits filed by defendants in support of their motion for summary judgment, we conclude that defendants did meet their burden of showing the absence of any material factual issue as a matter of law. Defendants' affidavits stated that defendant police officers Massey and Granville attempted to stop Jaroma's car because the rear license plate was obscured and because they had reason to believe Jaroma was operating the vehicle with a suspended license; that Jaroma failed to stop; that after long pursuit the officers advised Jaroma that he was under arrest; that Jaroma violently resisted arrest; and that the officers used no greater force than was necessary to effect the arrest. This statement of facts, treated as uncontroverted, is plainly adequate to establish that defendants are protected from liability by a defense of qualified immunity and therefore are entitled to summary judgment. Jaroma does not appear to question that conclusion.

Absent a Local Rule establishing ground rules to facilitate the court's inquiry into the existence of an issue of material fact, the district court might be obligated to review the entire record, including record evidence not brought to the district court's attention by the opposing party in response to the motion for summary judgment, in order to make that determination. *Stepanischen, supra*, 722 F.2d at 930–31. Under those circumstances, perhaps the mere presence of Jaroma's verified complaint in the record would be adequate to avert summary judgment, as Jaroma argues. *See Spear v. Dayton's*, 733 F.2d 554 (8th Cir.1984). In the case at bar, however, the presence of a valid local rule requiring the opposing party to file a response to guide the court removes any requirement that might otherwise exist that the district court ferret through the record to consider Jaroma's complaint. *See Stepanischen, supra*, at 930–32.

We therefore affirm the district court's grant of summary judgment under Local Rule 11(d) on the ground that defendants' motion for summary judgment and the attachments thereto established defendants' entitlement to judgment as a matter of law. Although the district court made no such finding, this court can affirm the district court's judgment on any basis presented by the record. *See Helvering v. Gowran*, 302 U.S. 238, 245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937).

■ We see no merit in Jaroma's argument that summary judgment could not be entered on the basis of defendants' motion because the motion should not have been accepted for filing. Jaroma bases this contention on Local Rule 11(a)(1), which states that "[t]he Clerk shall not accept any motions not in compliance with procedures outlined in these Rules." Defendants' motion for summary judgment fell into this category because it did not comply with the requirement of Local Rule 11(b) that for all motions "[t]he moving party shall certify to the court that he has made a good faith attempt to obtain concurrence in the relief sought."

We note, first, that the section of Local Rule 11(a)(1) on which Jaroma relies appears to be inconsistent with another provision of the Local Rules. Local Rule 2(f) provides as follows: *"Failure to Comply with Rules.* Documents which fail to comply with the provisions of these rules shall be filed by the clerk, subject to being stricken by the court on its own initiative or motion of a party." Thus, Local Rule 2(f) requires the clerk to accept non-complying documents for filing; Local Rule 11(a)(1) requires that the clerk shall not accept non-complying motions. It is unclear to us which of these apparently inconsistent rules should govern here.

If Local Rule 2(f) were thought to govern, then, of course, the clerk of the district court acted correctly in accepting defendants' motion for filing. Jaroma did not move that the motion be struck for lack of compliance with Rule 11(b). Nor could we say that the district court abused its discretion in not striking the motion on its own initiative.

Even if we assume, *arguendo*, that Local Rule 11(a)(1) should govern and that the clerk erred in accepting defendants' motion for filing, that conclusion would cast no doubt on the district court's judgment. At worst, this was no more than a failure by the clerk to enforce a technical requirement of the Local Rules. Once the motion was accepted by the clerk—whether in error or not—the motion was before the court and could be acted on by the court in whatever manner the court might consider appropriate. The clerk's technical error did not detract in any way from the court's authority to rule on the motion.

Furthermore, at no time before the motion was granted (or, indeed, thereafter) did Jaroma call the district court's attention to this matter or move that the motion be stricken for failure to comply with the Local Rules. Jaroma cannot be heard to raise this issue for the first time on appeal. *See Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979) (a party cannot raise on appeal issues it did not bring to the attention of the district court). Jaroma's assumption that defendants' motion for summary judgment could not be ruled upon does not, as he argues, excuse his failure to respond to the motion as required by Fed. R.Civ.P. 56(e) and Local Rule 11(d). A response, of course, could have included the contention that the motion was procedurally defective for violation of Local Rule 11(b).

■ Finally, Jaroma argues that defendants' failure to comply with Local Rule 11(b) was not a mere technical defect, but instead prejudiced Jaroma. Had defendants noted on the motion that Jaroma did not concur in the motion, Jaroma contends, Jaroma's non-concurrence would have constituted a form of response to the motion. There would then have been no basis for the district court to grant summary judgment as a consequence of Jaroma's failure to respond. This contention is meritless because Local Rule 11(d) plainly requires that the opposing party's response take the form of a "written objection ... with mem-

orandum." Jaroma's mere failure to concur in the motion would not have met that requirement.

The judgment of the district court is *affirmed*.