**Viola RUIZ, as Guardian and Conservator of Felix Robert Ruiz, Jr., Plaintiff,**

v.

**M. Oliver KEPLER and Union County General Hospital, Defendants.**

**Civ. No. 92–1324 JB.**

United States District Court,
D. New Mexico.

Sept. 13, 1993.

Carl Bettinger, Albuquerque, NM, for plaintiff.

Stephan M. Vidmar, Marte D. Lightstone, Albuquerque, NM, for defendant Kepler.

LeRoi Farlow, Suzanne Guest, Albuquerque, NM, for defendant Hosp.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on:

1) Defendants' motion to dismiss, or in the alternative motion for summary judgment and motion for the Court to decline supplemental jurisdiction over remaining claims;[1]

2) Plaintiff's motion to deem affirmative defenses waived;

3) Plaintiff's motion for summary judgment; and

4) Plaintiff's motion to deem undisputed facts admitted.

When this matter came before the Court for oral argument on April 15, 1993, the Court summarily denied all motions; this memorandum opinion and order explains the Court's rationale.

### FACTUAL BACKGROUND

On January 14, 1991, Felix Ruiz Jr. (hereinafter "Ruiz") arrived at the Union County

---

1. Defendants Kepler and Union County General Hospital filed separate motions with supporting memoranda, but as the arguments raised are similar, the Court will address the motions together.

General Hospital Emergency Room (hereinafter "Union County Hospital") suffering from head wounds sustained in a fight. Ruiz was examined by nurse Joy Beamer who checked his vital signs and took a patient history. After Nurse Beamer's examination, she contacted the physician on call, Dr. M. Oliver Kepler (hereinafter "Kepler"). Kepler cleaned and sutured Ruiz' head wounds and ordered skull X-rays taken. Upon examining the X-rays and finding no abnormalities, Kepler discharged Ruiz instructing him to return the next day for a follow-up examination. In fact, however, Ruiz sustained a skull fracture which went untreated until January 19, 1991. Plaintiff alleges Ruiz suffered irreparable brain damage as a result of Defendants' failure to appropriately screen, examine and treat his skull fracture.

Count I of Plaintiff's lawsuit claims that Union County Hospital failed to provide an appropriate medical screening examination and discharged Ruiz in an unstable condition, violating the Federal Emergency Medical Treatment and Active Labor Act, 42 U.S.C.A. § 1395dd (West 1992) (hereinafter "COBRA")[2]. Counts II through V are state law medical malpractice and negligence claims brought pursuant to this Court's pendent jurisdiction.

## I. DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

### Standard for Dismissal

■ Defendants move for dismissal arguing that Plaintiff failed to state a claim for relief under COBRA because he did not allege he was refused treatment or treated differently for economic or other reasons.

■ For the purposes of a motion to dismiss, the material allegations of the complaint must be accepted as true. *Franklin v. Meredith*, 386 F.2d 958, 959 (10th Cir.1967). The complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court shall construe the pleadings liberally and, if there is any possibility of relief, the case should not be dismissed. *Gas–A–Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir.1973).

Plaintiff's complaint alleges that Defendants violated COBRA in two ways: (1) by failing to provide Ruiz an "appropriate medical screening" as required under § 1395dd(a); and (2) by failing to "stabilize" his "emergency medical condition" as required under § 1395dd(b).[3] (Complaint, paragraphs 16 and 17). The complaint tracks the two primary ways in which a hospital can violate section 1395dd. *Deberry v. Sherman Hosp. Ass'n*, 741 F.Supp. 1302, 1305 (N.D.Ill.1990). *See also Abercrombie v. Osteopathic Hosp. Founders Ass'n*, 950 F.2d 676, 680 (10th Cir.1991) (Plaintiff entitled to recover if defendant hospital either failed to provide an appropriate medical screening examination or discharged her in an unstable condition). "Whether either of these [two] failures has occurred is essentially a fact-based reasonableness inquiry." *Deberry*, 741 F.Supp. at 1305.

■ Defendants' motion to dismiss alleges Plaintiff fails to claim he was inappropriately treated for economic reasons, or treated differentially in any manner. Plaintiff need not

---

**2.** Section 1395dd was enacted as a part of the Consolidated Omnibus Budget Reconciliation Act of 1985, more commonly referred to as "COBRA." Pub.L. No. 99–272, § 9121, 100 Stat. 82, 164–67 (1986).

**3.** 42 U.S.C. § 1395dd(a) provides in pertinent part:

[I]f any individual . . . comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency medical condition exists.

Section 13955dd(b) provides in pertinent part:

If . . . the hospital determines that the individual has an emergency medical condition, the hospital must provide either—

(A) within the staff and facilities available at the hospital, . . . such treatment as may be required to stabilize the medical condition, or

(B) for transfer of the individual to another medical facility. . . .

allege he was indigent or uninsured in order to come within the protection of COBRA. *Collins v. DePaul Hosp.*, 963 F.2d 303, 308 (10th Cir.1992). COBRA's legislative history reflects an unmistakable concern for the treatment of indigent and uninsured persons. *See* H.R.Rep. No. 241, 99th Cong. 2nd Sess. pt. 3 at 5 (1986) *reprinted in* 1986 U.S.C.C.A.N. 42, 579, 726. However, the plain language of § 1395dd extends its protections to "any individual" who seeks emergency room assistance. Plaintiff need not allege that economic factors, race, ethnicity or any other reason motivated Defendants to treat him inappropriately. *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037 (D.C.Cir.1991).

Defendants' motion to dismiss fails because Plaintiff has satisfied the pleading requirements for a § 1395dd claim by alleging he (1) went to defendant's emergency room (2) with an emergency medical condition, and defendant hospital either (3) did not adequately screen him to determine whether he had an emergency medical condition, or (4) discharged him before the emergency condition was stabilized. *Deberry*, 741 F.Supp. at 1305.

### *Summary Judgment Standard*

A motion for summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The movant bears the burden of demonstrating the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), and as a matter of law, must show entitlement to summary disposition beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980); *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir. 1978). The Court must view the record in a light most favorable to the existence of triable issues. *Exnicious v. United States*, 563 F.2d 418 (10th Cir.1977).

Defendants allege that Plaintiff has failed to raise a genuine issue of material fact as to whether he received an appropriate medical screening pursuant to § 1395dd(a). COBRA does not define "appropriate." Courts grappling with defining what is an "appropriate" screening have compared the treatment received by a plaintiff in a COBRA action with the treatment received by another similarly situated patient. *See Cleland v. Bronson Health Care Care Group, Inc.*, 917 F.2d 266 (6th Cir.1990); *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037 (D.C.Cir.1991); *Baber v. Hosp. Corp. of America*, 977 F.2d 872 (4th Cir.1992). These courts have been guided by COBRA's legislative history which speaks of sending "a clear signal to the hospital community ... that all Americans, regardless of wealth or status, should know that a hospital will provide what services it can when they are truly in physical distress." 131 Cong.Rec. S13904 (Oct. 23, 1985) (statement of Sen. Durenberger). The Tenth Circuit has not yet decided whether differential treatment is an element of proving that a hospital failed to provide an "appropriate" screening.

The Court agrees that Congress intended COBRA to facilitate the equal treatment of all persons seeking aid in hospital emergency rooms. The Court is also mindful that other courts have consistently rejected the notion that COBRA requires emergency room personnel to correctly diagnose a patient's condition as a result of an "appropriate" screening examination. *See Baber*, 977 F.2d at 879; *Deberry v. Sherman Hosp. Ass'n*, 769 F.Supp. 1030, 1034 (N.D.Ill.1991). However, based upon the plain language of § 1395dd(a), the Court does not find that "appropriate" should be defined solely in terms of a plaintiff's treatment as compared with the treatment provided a similarly situated patient.[4] Section 1395dd(a) requires

---

4. Even if "appropriate" was defined by such a comparison, as a policy matter, the Court finds a defendant hospital more properly bears the burden of proving equal treatment as an affirmative defense. The hospital possesses records of similarly situated patients and plaintiff's access to those records would most likely be strongly opposed because of patient confidentiality. Thus, a hospital is in a more favorable position to show it

more than equal treatment; it requires a screening examination "within the capability of the hospital's emergency department." 42 U.S.C. § 1395dd(a). This standard is of necessity "individualized for each hospital, since hospital emergency departments have varying capabilities." *Baber*, 977 F.2d at 879–80. Unlike malpractice law in which the standard of care required is based on the objective, reasonable person standard, COBRA's screening provision creates a subjective test—did defendant hospital treat a would-be COBRA plaintiff according to *its own* standards and capabilities. However, a subjective test does not mean that the Court should ignore evidence of accepted medical practice from which subjective standards can be inferred. At least one circuit has acknowledged that "there may arise some areas of overlap" between the objective test of local malpractice law and the subjective test of the adequacy of a hospital's screening under CO-BRA. *Gatewood v. Washington Healthcare Group, Inc.*, 933 F.2d 1037, 1041 (D.C.Cir. 1991).

Plaintiff challenges the adequacy of Union County Hospital's screening through an affidavit from Dr. Robert Henry who stated that:

> [A]n appropriate medical screening examination within the capability of an emergency department anywhere in New Mexico in 1991 required observation in the hospital for at least 12 hours to determine whether an emergency medical condition existed. This was the *appropriate screening* examination required in 1991 irrespective of findings on plain skull x-rays. (Henry Aff. paragraph 5).

This affidavit creates a genuine issue of material fact as to whether Union County Hospital's screening procedure for head trauma patients, like Plaintiff, was within the capability of its emergency department. While Dr. Henry speaks in terms of an objective standard, his assertion as to the capability of an emergency department "anywhere in New Mexico" is undisputed, and will not be ignored by the Court in determining the capabilities of Union County Hospital. Unlike the physician's affidavit in *Baber*, which the did not treat the plaintiff differentially than is the

Fourth Circuit found did not create a genuine issue of material fact, Dr. Henry stated that Plaintiff's discharge with a follow-up appointment the next day did not represent an appropriate medical screening examination within the capability of Union County Hospital. *Baber v. Hosp. Corp. of America*, 977 F.2d 872, 882 (4th Cir.1992).

In determining whether the screening examination given a plaintiff in a COBRA action deviated from that given any other patient in a similar condition, courts have used the hospital's standard screening procedures as a reference. *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037, 1041 (D.C.Cir.1991). "[A] hospital fulfills the 'appropriate medical screening' requirement when it conforms in its treatment of a particular patient to its standard screening procedures. By the same token, *any departure* from standard screening procedures constitutes inappropriate screening in violation of the [COBRA]." *Id.* (emphasis added).

In Union County Hospital's examination of Plaintiff, he alleges Defendant departed from its usual screening procedures in five ways. While the Court does not find these alleged deviations egregious, neither are they so inconsequential as to fail to create a genuine issue of material fact about whether Defendant departed from its standard screening procedures. For example, the Union County Emergency Room Standards of Nursing Practice required the nurse to perform a check of Plaintiff's level of consciousness using the Glasgow coma scale. No notation was made on the emergency room sheet of this check. Nurse Beamer in her affidavit stated she performed the test, but Dr. Kepler did not remember one way or another. (Beamer 2/8/93 Aff. paragraph 2; Plaintiff's Supplemental Brief Ex. F at 190–91). Another alleged deviation involved documenting the results of a check of Plaintiff's pupils and sensorium as required by Union County Emergency Standards of Nursing Practice. Defendants admit there is no notation on the emergency room sheet either of Plaintiff's pupil status or sensorium. Similarly, while Union County's procedures require checking emergency room patients' vital signs "fre-

plaintiff to show differential treatment.

quently," and noting the results on the emergency room sheet, Plaintiff's vital signs were recorded only once during his nearly two-hours in the emergency room. Dr. Kepler had an independent recollection of Plaintiff's blood pressure being taken more than once, but possessed no recollection of other vital signs being checked on more than one occasion. Plaintiff's Supplemental Brief Ex. K at 28–29. Nurse Beamer states in her affidavit that all of Union County Hospital's emergency room policies and procedures were followed, but the lack of documentation and Dr. Kepler's deposition testimony raise a genuine issue of material fact as to whether Defendants followed its standard screening procedures in treating Plaintiff. Therefore, the Court denies Defendants' motion to dismiss or in the alternative motion for summary judgment.

## II. PLAINTIFF'S MOTION TO DEEM AFFIRMATIVE DEFENSES WAIVED

█ In its Answer, Defendant Union County Hospital raised failure to state a claim as an affirmative defense, but contrary to D.N.M. LR–Cv 8.1, Defendant failed to request in writing that this portion of its Answer be treated as a motion.

While the Court finds that Defendant did not comply with the requirements of Local Rule 8.1, the Court in its sound discretion does not find it is warranted to deem Defendant's affirmative defense waived.

The Court addressed this issue in *Hill v. Cray Research, Inc.*, No. Civ. 90–0364–JB, 1991 WL 428130 (D.N.M. July 11, 1991). As discussed in *Hill,* Local Rule 8.1 does not prescribe when a defendant must request in writing that a 12(b) defense be considered a motion. 1991 WL 428130 at *2. Further, treating noncompliance with Local Rule 8.1 as waiving the 12(b)(6) defense would be inconsistent with Fed.R.Civ.P. 12(h)(2) which allows a 12(b)(6) motion to be brought at any time up to and including trial on the merits. Pursuant to Fed.R.Civ.P. 83, local rules must be construed in a manner consistent with the Federal Rules of Civil Procedure, and to the extent a local rule is inconsistent, it must yield to the federal rules. 1991 WL 428130

at *3 (citing *Jaroma v. Massey,* 873 F.2d 17 (1st Cir.1989)).

Therefore, the Court denies Plaintiff's motion to deem Defendant Union County Hospital's affirmative defenses waived.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for partial summary judgment against Union County Hospital on the issue of Defendant's alleged violation of 42 U.S.C. § 1395dd.

As discussed *supra,* a genuine issue of material fact exists as to whether Union County followed its standard screening procedures with Plaintiff. Therefore, Plaintiff's motion is denied.

## IV. PLAINTIFF'S MOTION TO DEEM UNDISPUTED FACTS ADMITTED

█ In his motion to dismiss, or in the alternative for summary judgment, Defendant Kepler listed as undisputed facts: (1) that Plaintiff "claims he suffered from a skull fracture which went undiagnosed and untreated," and (2) that Plaintiff "claims he was damaged as a result of the delay in diagnosis and treatment." Plaintiff's response to Kepler's motion did not dispute these facts. Plaintiff now seeks to have these facts deemed admitted.

Plaintiff misconstrues Defendant Kepler's statement of undisputed facts. These undisputed facts refer to the fact that certain allegations were made in the complaint, not that the underlying allegations are undisputed. Therefore, Plaintiff's motion is denied.

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant Kepler's motion to dismiss, or in the alternative, motion for summary judgment be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Defendant Union County General Hospital's motion to dismiss, or in the alternative, motion for summary judgment be, and hereby is, denied.

1450

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion to deem affirmative defenses waived be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion to deem undisputed facts admitted be, and hereby is, denied.