Reich v. Street                          CV-92-465-B    11/19/93

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert B. Reich

v.                                               No. C-92-465-B

David Street and Gwendolyn Street


**O R D E R**


Plaintiff, Robert Reich, the Secretary of Labor, commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA") on behalf of participants and beneficiaries of the Street Electric, Inc. Retirement Plan and Trust ("Retirement Plan"), and the Street Electric, Inc. Profit Sharing Plan and Trust ("Profit Sharing Plan", collectively "the Plans"), against defendants David Street and Gwendolyn Street who were trustees of the Plans.  At this juncture, one motion is pending:  the plaintiff's unopposed motion for summary judgment (document no. 15).  For reasons stated below, this motion is granted.


## I.  The Standard of Review

Rule 56(e) of the Federal Rules of Civil Procedure provides that "if the adverse party does not [file an opposition], summary judgment, _if appropriate_, shall be entered against the adverse party."  (emphasis added).  The First Circuit has made it clear

1

that

> the failure of a non-moving party to file timely opposition to a motion for summary judgment, does not, in itself, justify entry of summary judgment against that party, but that "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate."

Mullen v. St. Paul & Fire Ins. Co., 972 F.2d 446, 452 (1st Cir. 1992) (quoting Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991)); accord Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). However, the opposing party, by failing to submit a written objection and memorandum as required by Local Rule 11(d),[1] waives the right to controvert the facts asserted by the moving party. Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989) (construing Rule 11 of the Rules of the United States District Court for the District of New Hampshire). The district court must then

> accept as true all material facts set forth by the moving party with appropriate record support. If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted.

Id.

---

[1] Local Rule 11(d) states that, unless the opposing party files a written objection and memorandum to the motion, "he [she] shall be deemed to have waived objection, and the court may act on the motion."

## II. **The Merits**

After reviewing the exhibits and memorandum of law filed by the plaintiff in support of his motion for summary judgment, I conclude that he has met his burden of demonstrating "the absence of any material factual issue as a matter of law." See id. The uncontroverted facts are as follows:

(1)  In or around January 1986, Street Electric, Inc., an employer under ERISA § 3 (5), 29 U.S.C. § 1002 (5), established the Retirement Plan and the Profit Sharing Plan, both employee pension benefit plans within the meaning of ERISA § 3 (A), 29 U.S.C. § 1002 (2) (A), and both covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a). Street Electric is and was owned by defendants David Street and Gwendolyn Street.

(2)  Defendants David Street and Gwendolyn Street have been trustees to the Retirement Plan and Profit Sharing Plan since they were established.

(3)  Defendants David Street and Gwendolyn Street, have been named fiduciaries to the Plans within the meaning of ERISA § 402 (a)(2), 29 U.S.C. § 1102(a) (2).  They have also exercised authority or control respecting management or disposition of assets of the Retirement Plan and Profit Sharing Plan.  Moreover, defendants David Street and Gwendolyn Street as well as Street Electric, Inc. are parties in interest pursuant to ERISA § 3(14) (A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

(4)  In or around December 1989, defendants David Street and Gwendolyn Street, as well as Street Electric Inc., appointed Gerard Mascolo, d/b/a Gerard Mascolo Associates, investment manager of both the Retirement Plan and the Profit Sharing Plan.  As part of that agreement, defendants David Street and Gwendolyn Street deposited 100% of the assets of both Plans with American Plan Associates, a general partnership located at the same address as Gerard Mascolo Associates. American Plan Association is managed by Gerard Mascolo Associates.

3

(5)   In or around April 1989, defendants David Street
      and Gwendolyn Street, with Gerard Mascolo's
      knowledge, through a series of withdrawals,
      withdrew $111,500 from the Profit Sharing Plan and
      $88,000 from the Retirement Plan, depositing said
      monies with both Street Electric, Inc. and
      defendant David Street.

(6)   In or around January, 1990 and February, 1990,
      Gerard Mascolo issued checks, drawn from the
      Plans' individual accounts with American Plan
      Associates, payable to Street Electric, Inc.,
      totalling $204,000, comprising $114,235.48
      withdrawn from the Profit Sharing Plan and
      $89,764.52 withdrawn from the Retirement Plan.  To
      date, these withdrawals have not been repaid to
      the Plans.

(7)   As a result of this conduct, defendants David
      Street and Gwendolyn Street breached their
      fiduciary duties by failing to discharge their
      duties with respect to the Profit Sharing Plan and
      the Retirement Plan solely in the interest of
      participants and beneficiaries of the two Plans
      for the exclusive purpose of providing benefits
      and defraying reasonable expenses of administering
      the Plans, by failing to act with requisite care,
      skill, prudence and diligence, and by failing to
      act in accordance with the documents and
      instruments governing the Plans, in violation of
      ERISA § 404(a)(1)(A), (B) and (D), 29 U.S.C. §
      1104(a)(1) (A), (B) and (D).

Under ERISA § 409 (a), 29 U.S.C. § 1109(a), breaching fiduciaries are jointly and severally liable to make good to employee benefit plan(s) any losses resulting from their breach.  Further, breaching fiduciaries are also subject to such other equitable or remedial relief as the court deems appropriate.  Id.  ERISA grants the Secretary of Labor the right to obtain the appropriate equitable relief to redress violations of ERISA § 409, 29 U.S.C. § 1109.  See

4

ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5). In fashioning its relief, courts are granted wide discretion to protect the rights of pension fund beneficiaries. 29 U.S.C. 1109; See Eaves v. Penn, 587 F.2d 453, 462 (10th Cir. 1978); Donovan v. Mazzola, 716 F.2d 1226, 1236 (9th Cir. 1983), cert. denied, 464 U.S. 704 (1984). The objective is to make the plans whole by "restoring Plan participants to the position which they would have occupied but for the breach of trust." Id. at 462. "[T]he court has a duty to enforce the remedy which is most advantageous to the participants and most conducive to effectuating the purposes of the trust." Eaves, 587 F.2d at 462.

Here, the uncontroverted facts clearly show that defendants David Street and Gwendolyn Street were fiduciaries of the Plans, and that they breached their duties. Accordingly, I find that they are jointly and severally liable to make good to the Plans any and all losses resulting from their breach.

The determination of the appropriate rate of interest to compensate the beneficiaries for the trustees' breach of duty is committed to the court's discretion. Donovan v. Bryans, 566 F. Supp. 1258, 1265 (E.D.Penn. 1983) (citing Gilliam v. Edwards, 492 F. Supp. 1255 (D.N.J. 1980)). However, as a general rule, where a trustee is chargeable with interest, he is chargeable with simple interest at the legal rate. Id. (citing Restatement (Second) of Trusts, § 207). The Secretary asks that I provide an incentive for fiduciaries not to breach their duties under ERISA, by using the I.R.S. underpayment

5

interest rate prescribed by I.R.C. § 6621. I.R.C. § 6621 sets the rate as 3 points above the federal short term rate as set by the I.R.S., resulting here in an interest rate of 11% compounded daily. However, in accordance with the compensatory, rather than punitive nature of the award of prejudgment interest, I follow the First Circuit's decision in <u>Colon Velez v. Puerto Rico Marine Management Inc.</u>, which upheld the district court's application of state law for its determination of the applicable interest rate. 957 F.2d 933 (1st Cir. 1992). Accordingly I determine that David and Gwendolyn Street are liable for interest calculated at the 10% interest rate set forth in N.H. Rev. Stat. Ann 336:1.

In addition to providing monetary equitable relief, under ERISA § 409 (a), the court may enjoin a fiduciary from future service to any ERISA-covered employee benefit plan. "ERISA imposes a high standard on fiduciaries, and serious misconduct that violates statutory obligations is sufficient grounds for a permanent injunction." <u>Beck v. Levering</u>, 947 F.2d 639, 641 (2d Cir. 1991), <u>cert. denied</u>, __U.S.__, 112 S.Ct. 1937 (1992); <u>Whitfield v. Lindemann</u>, 853 F.2d 1298 (5th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1089 (1989). I find the facts of this case appropriate to award such relief.

## III. <u>CONCLUSION</u>

The government's motion for summary judgment (document no. 15) is granted. Defendants are hereby found jointly and severally liable for reimbursement to the plans in the amount of $204,000 (comprised of $114,235.48 withdrawn from the profit sharing plan and $89,764.52

withdrawn from the retirement plan). Defendants shall be permitted to waive any vested benefits under these plans as a partial offset to their liability under this order. Defendants shall also be liable for interest at the annual rate of 10% calculated from February, 1990. Further, a permanent injunction is awarded prohibiting either defendant from future service to any ERISA covered employee benefit plan.

       SO ORDERED.

                              _____
                              Paul Barbadoro
                              United States District Judge

November 19, 1993

cc:  John G. Cronin, Esq.
     Kathryn Diaz, Esq.