**Damaris Lugo MODESTO, Iker Urruchi Lugo, Plaintiff,**

v.

**Rafael Rivera LEHMAN, et al., Defendants.**

**No. CIV. 00–2095(PG).**

United States District Court, D. Puerto Rico.

Feb. 3, 2002.

Jorge Martinez–Luciano, Law Offices of Pedro Ortiz, Alvarez, P.S.C, Carlos J. Suarez–Maldonado, Gina Ismalia Gutierrez, Pedro E. Ortiz Alvarez Law Offices, Ponce, for Damaris Lugo–Modesto, Iker Urruchi–Lugo, plaintiffs.

Efrain Maceira–Ortiz, Hato Rey, for Rafael Rivera–Lehman, Chancellor of UPR–Cayey, Wanda Yordan, Luz Miriam Berrios, Norman Maldonado, Dr., President of the University of Puerto Rico, defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The matter before the Court is a "Motion for Partial Summary Judgment" filed by co-defendants Wanda Yordán and Luz Miriam Berríos (Docket No. 65). This Motion is submitted unopposed. (Mins. Proceedings, Docket No. 71).

Plaintiff's complaint is based on five causes of action: 1) violations of the Amer-icans with Disabilities Act ("ADA"); 2) retaliatory dismissal; 3) 42 U.S.C. § 1985; 4) 42 U.S.C. § 1983 for violations of her rights under the First, Fourth, and Fourteenth Amendments of the Constitution; and 5) supplemental jurisdiction claims under Puerto Rico Law 100, 29 P.R. Laws Ann. §§ 146–151, the right to privacy under the Puerto Rico Constitution, P.R. Const. art. II, § 8, and Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. (Pl.'s Am. Compl., Docket No. 49, ¶¶ 33–47). Plaintiff also asked for injunctive relief in the form of reinstatement at her previous position in the University of Puerto Rico. (Pl.'s Compl., at 7). Plaintiff seeks monetary relief against all defendants under all causes of actions. After this Court's previous opinions and judgments, (Op. & Order, Docket No. 45; Partial J., Docket No. 46; Am. J., Docket No. 53), the only remaining causes of actions are those of injunctive relief for reinstatement against the official capacity Defendants and the claims for monetary relief against Co–Defendants Berríos and Yordán, in their personal capacities, for the causes of action under section 1983, section 1985, retaliation, and supplemental jurisdiction.

For the reasons set forth below, Co–Defendants Berríos and Yordán's Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART.**

## STANDARD FOR SUMMARY JUDGMENT

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party

is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue is one that is dispositive and must be resolved at trial because a reasonable jury could resolve in favor of the non-moving party. *Arvelo v. American International Insurance Co.*, 875 F.Supp. 95, 99 (D.P.R.1995). Moreover, a fact is material if under applicable substantive law it may affect the result of the case. *See Ortega–Rosario v. Alvarado–Ortiz*, 917 F.2d 71, 73 (1st Cir. 1990).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Once a moving party has made a showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to demonstrate that a trial worthy issue remains. *See Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997); *Borschow Hosp. & Med. Supplies Inc., v. Cesar Castillo, Inc.*, 96 F.3d 10,14 (1st Cir.1996). The non-moving party must set forth specific facts in proper evidentiary form substantiating that a genuine factual issue exists for trial. Nevertheless, in determining whether summary judgment is warranted, the court views the facts alleged in the light most favorable to the non-moving party and must indulge all inferences in favor of that party. *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 624 (1st Cir.1989).

█ Under the Local Rules of this Court, if a party fails to oppose a motion within a period of eleven days, the Court may consider the motion. D.P.R. Local R. 311(5) and (12). But "summary judgment is not granted automatically merely be-cause of the adverse party's failure to file an opposition." *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir.1989). When no opposition is filed to a summary judgment motion, the non-moving party does waive the right to object to the material facts set forth by the movant and the "motion will be decided on the basis of the movant's submissions." *F.C. Imports, Inc. v. First National Bank of Boston, N.A.*, 816 F.Supp. 78, 86–87 (D.P.R.1993). Ultimately, "[w]hether or not opposed, summary judgment can only be granted 'if the pleadings, depositions, answers, interrogatories, and admissions together with affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Méndez*, 900 F.2d at 7.

### DISCUSSION

Co–Defendants Berríos and Yordán present three arguments in support of their Motion for Summary Judgment. First, Co–Defendants ask this Court to dismiss pleadings number 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, and 30 because they "do not make any allegation" against the Co–Defendants. (Defs.' Mot. Summ J. ¶¶ 1–5, at 2–3). Second, Co–Defendants allege that many factual allegations in support of Plaintiff's Complaint took place more than a year before she filed this suit. (Defs.' Mot. Summ. J., ¶¶ 4–6, at 5–6). Thus, Co–Defendants ask the Court to dismiss "plaintiff [sic] causes of action on the[se] aspects." (Defs.' Mot. Summ. J., at 10). Third, Co–Defendants allege that Plaintiff does not have a cause of action under the Due Process Clause for the termination of her employment at the University of Puerto Rico. Co–Defendants allege that they were not Plaintiff's supervisors and had no bearing on the decision not to

renew Plaintiff's probationary appointment. They also argue that as an employee under a probationary appointment, Plaintiff did not have a "constitutionally protected property interest in her employment." (Def.'s Mot. Summ. J., at 11).

■ The Court starts by noting that a summary judgment motion is not a vehicle to dismiss a plaintiff's pleadings. It is Co–Defendants' responsibility to indicate which *causes of action* present no disputed question of fact. Causes of action, not pleading, are dismissed at this stage. Co–Defendants' request to dismiss certain pleadings, then, is inappropriate and will not be considered by the Court.

Co–Defendants' request to dismiss certain causes of action also is problematic. Raising the affirmative defense that a cause of action is time barred requires more than selectively picking and identifying events that took place more than one year prior to the filing of the this suit. Co–Defendants carry the burden of proving when the *cause of action* against them accrued and that no steps were taken to toll the applicable statute of limitations. Moreover, parties' must state "with particularity" the grounds for their motion and the relief sought, and must include "citations of authorities" upon which they rely. D.P.R. Local R. 311(2).

Here, Co–Defendants' Motion does not specify which causes of action should be dismissed as time-barred. Some of the pleadings cited by Co–Defendants in support of their request for dismissal seemingly relate to the ADA claims that have been dismissed already, while others seem to relate to some, but not all, of the Plaintiff's causes of action. In sum, it is not at all clear which causes of action are fatally affected by Co–Defendants' allegations. It is Co–Defendants' duty—not the Court's— to present arguments and requests for relief that are clear, concise, well-reasoned,

and properly supported under the law. This duty is heightened in a case like this, where Plaintiff's Complaint presents various causes of action arising under diverse statutory and constitutional provisions. That this Motion is being considered unopposed does not relieve Co–Defendants' from this responsibility.

In addition, at no point do Co–Defendants refer to or cite the appropriate statutes of limitation applicable to the claims before this Court. This is particularly troublesome considering that Co–Defendants' carry the burden of proof on this affirmative defense under the statute of limitations. This combination of shortcomings and confusion leaves this Court in a position where it cannot grant Co–Defendants' request to dismiss these unspecified causes of action, unless further clarification from the Co–Defendants' is forthcoming. Co–Defendants' request to dismiss these unspecified causes of action is therefore **DENIED WITHOUT PREJUDICE.**

■ Finally, the Court considers Co–Defendants' request for summary judgment on the Due Process claim. The Fourteenth Amendment serves as "a safeguard of the security interests that a person has already acquired in specific benefits." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *see also* U.S. Const. amend. XIV, § 1 ("[N]or shall any state deprive any person of life, liberty or property without due process of law."). The scope of this protection has evolved: "protections previously given [to] land owners are provided as well to many others who depend heavily upon the continued availability of, for example, welfare, social security, or government employment." *Beitzell v. Jeffrey,* 643 F.2d 870, 876 (1st Cir. 1981). To claim a property right in a benefit, a person must have "a legitimate claim of entitlement to it." *Roth,* 408 U.S.

at 578, 92 S.Ct. 2701. In the case of employment, this means that the existence of a proprietary interest depends on "the extent to which a person has been made secure in the enjoyment of the benefit as a matter of substantive state or federal law." *Beitzell,* 643 F.2d at 874. Thus, a university professor had no property in his employment position when his contract did not provide for "contract renewal absent 'sufficient cause' " and made "no provision for renewal whatsoever." *Id.* at 578, 92 S.Ct. 2701. The First Circuit in *Beitzell* held that a university professor who was hired as a "probationary employee" did not have a protected property interest in a tenure award, even if the university "promulgated criteria for tenure award." *Beitzell,* 643 F.2d at 876.

■ In the case at hand, Co–Defendants have submitted sufficient evidence to show that Plaintiff's employment contract with the UPR did not provide any entitlement or property right to tenure. Plaintiff's agreement with the UPR specifically stated that she was being employed "under a probationary appointment." (Defs.' Mot. Summ. J., Ex. 1, at 2). Moreover, the agreement clearly stated that the opportunity to attain tenure was *"subject to* satisfactorily performing her duties, approving the evaluations, obtaining the faculty recommendations and meeting the qualifications and all other criteria imposed by the applicable laws, regulations and norms of the UPR." (Defs.' Mot. Summ. J., Ex. 1, at 3). Plaintiff also explicitly acknowledged that the agreement did not constitute "a commitment or obligation of the UPR to grant [her] tenure ...." (Defs.' Mot. Summ. J., Ex. 1, at 3). Co–Defendants' Motion being considered unopposed, the Court considers these facts admitted and finds them sufficient to establish the lack of a genuine issue of fact as to Plaintiff's status as a probationary appointee and her

knowledge that her employment agreement did not constitute an entitlement or an implied promise of tenure. As such, Co–Defendants are entitled to judgment as a matter of law, and the Court **DISMISSES WITH PREJUDICE** Plaintiff's cause of action under 42 U.S.C. § 1983 for violations of her rights under the Due Process Clause of the Fourteenth Amendment.

**IT IS SO ORDERED.**