FILED
United States Court of Appeals
Tenth Circuit

October 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD BENNETT,

Plaintiff-Appellant,

v.

LASHEDDA JOHNSON; MARK
WOLLMERSHAUSER; CITY OF
TULSA; LUCRETIA D. MOORE,

Defendants-Appellees.

No. 12-5015
(D.C. No. 4:09-CV-00612-TCK-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**,
Circuit Judge.

This federal civil rights dispute stems from a state child custody dispute.

Edward Bennett and Lucretia Johnson have a child but Ms. Johnson enjoys sole

custody. One day, Ms. Johnson called the police to report that Mr. Bennett had

picked up the child from school without her permission — and that he refused to

---

[*]       After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

return the child.  Mark Wollmershauser, a Tulsa police officer, helped track down Mr. Bennett and the child and eventually arrested Mr. Bennett for child stealing in violation of Okla. Stat. tit. 21, § 891.  Before all was said and done, though, a state court granted Mr. Bennett's motion for demurrer and dismissed the charge.  And soon after the criminal case ended, Mr. Bennett filed this civil suit.  In it, he alleged that Ms. Johnson, Officer Wollmershauser, the City of Tulsa, and Lucretia Moore, an administrative staff member in the Tulsa County District Attorney's Office, violated his federal constitutional rights in defiance of 42 U.S.C. § 1983.

Ms. Johnson and Ms. Moore responded by filing separate motions for summary judgment.  For his part, Mr. Bennett filed a brief in opposition and a request for an extension of time to file supporting affidavits.  After the district court denied his request for an extension, however, Mr. Bennett — undaunted — filed his affidavits anyway and did so some six weeks later.  In reply, Ms. Johnson moved to strike the new documents as untimely and in contravention of the court's order.  The district court granted the motion and eventually granted summary judgment in favor of Ms. Johnson and Ms. Moore, too.

In its summary judgment order the district court noted that Mr. Bennett had failed to present evidence suggesting that Ms. Johnson, a private citizen, acted under color of state law when she reported Mr. Bennett's conduct to the police and testified at his preliminary hearing.  *See Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) ("In order to state a § 1983 claim, a plaintiff must allege the

violation of a . . . [constitutional right], and must show that the alleged deprivation was committed by a person acting under color of state law." (internal quotation marks omitted)).  The court also held that Mr. Bennett had failed to present any evidence suggesting Ms. Johnson had conspired with the other defendants to violate his constitutional rights.

Separately, the district court determined Ms. Moore was entitled to qualified immunity because Mr. Bennett had presented no evidence suggesting her conduct — preparing his conviction record in the routine course of performing her administrative duties — violated any of his constitutional rights.  *See Douglas v. Dobbs*, 419 F.3d 1097, 1100 (10th Cir. 2005) ("Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks omitted)).  The district court held, as well, that Ms. Moore was entitled to judgment on Mr. Bennett's libel claim because it was filed outside the statute of limitations.

After the district court disposed of these summary judgment motions, Officer Wollmershauser and the City of Tulsa filed their own.  When Mr. Bennett did not respond to them, the district court decided to consider the evidence Mr. Bennett presented in opposition to the prior motions for summary judgment.  Even with that evidence in mind, the court proceeded to hold summary judgment was appropriate.

The court explained that, at the time of the arrest, Officer Wollmershauser had probable cause to believe Mr. Bennett's conduct violated the law. The district court further explained that any claims against the City for failure to train or supervise failed for this reason. Finally, the court concluded there was no genuine issue of fact as to whether the City acted maliciously in prosecuting Mr. Bennett.

Now on appeal, Mr. Bennett challenges the merits of these summary judgment rulings. But having carefully reviewed *de novo* the record, the briefs, and the applicable law, and affording Mr. Bennett's pleadings the solicitous consideration due *pro se* filings, we discern no persuasive reason to find any fault with the district court's analysis and conclusion on any of these scores. Accordingly and for the reasons it gave, we affirm.

Beyond this, we pause to address two procedural complaints Mr. Bennett raises before us. First, he contends that the district court abused its discretion when it granted Ms. Johnson's motion to strike his affidavits. But the district court clearly explained that it denied Mr. Bennett's motion for an extension of time to submit the affidavits because (1) he did not indicate when he planned to file them; (2) he did not show cause for failing to timely obtain them and attach them to his response briefs; and (3) the briefing cycle on the motions for summary judgment was nearly complete. We see no reversible abuse of discretion in any of this analysis.

Second, Mr. Bennett asks us to find that he was not properly served with the motion for summary judgment or the reply brief filed by Officer Wollmershauser and

the City.  Mr. Bennett doesn't dispute, however, that he received the district court's ruling or that he could have but failed to bring his service complaints to the district court's attention by means of a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 or a motion for relief from judgment pursuant to Fed. R. Civ. P. 60.  Neither is an appellate court the appropriate place to conduct fact-findings about service complaints in the district court.  Besides, whatever service faults did or didn't occur below, they are by now harmless.  The district court didn't grant judgment to Officer Wollmershauser and the City on the basis of default.  It proceeded to review the record and hold no triable issue of fact existed.  Well aware of the district court's opinion and now fully apprised of the defendant's arguments, on appeal Mr. Bennett has had a full chance to respond to both and we have (as we must in any summary judgment proceeding) considered the matter *de novo*.  Yet, as we have already explained, even now he has not identified any argument or authority to suggest a triable question of fact exists.  In these circumstances, it is appropriate for us to affirm.  *See Jaroma v. Massey*, 873 F.2d 17, 22 (1st Cir. 1989).

      Affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge